BLURTON v BLOOMFIELD HILLS BOARD OF EDUCATION

1. JUDGMENT—SUMMARY JUDGMENT—FAILURE TO STATE CLAIM.

All well-pled allegations must be taken as true when considering a motion for summary judgment made for failure to state a claim upon which relief can be granted.

2. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—TEACHERS' TENURE ACT—STATUTES.

A "teacher" as defined by the teachers' tenure act is a certificated person employed for a full school year by a school board; the Legislature did not intend to exclude from the coverage of the act a person who taught on a full-time basis for a whole school year except for a few days (MCLA 38.71).

3. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—PROBATIONARY TEACHERS—NOTICE—STATUTES.

A probationary teacher or one employed on a noncontinuing contract who is not to be rehired for a following school year must be informed in writing at least 60 days before the close of the school year that he or she is not to be rehired and also that the work is or is not satisfactory (MCLA 38.83).

Appeal from Oakland, Richard D. Kuhn, J. Submitted Division 2 February 6, 1975, at Lansing. (Docket No. 18919.) Decided April 28, 1975. Leave to appeal applied for.

Complaint by Nancy E. Blurton against the Bloomfield Hills Board of Education and the Bloomfield Hills School District for a writ of mandamus. Writ denied. Plaintiff appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment §§ 12–19.
[2] 68 Am Jur 2d, Schools § 128.
[3] 68 Am Jur 2d, Schools § 152.

   Teachers' tenure statutes. 127 ALR 1298.

*Beer & Boltz,* for plaintiff.

*Clark, Hardy, Lewis & Fine, P. C.* (by *Dennis R. Pollard),* for defendants.

Before: BASHARA, P. J., and R. B. BURNS and DANHOF, JJ.

PER CURIAM. Plaintiff initiated this action in the Oakland County Circuit Court, seeking a writ of mandamus to compel the defendant Bloomfield Hills Board of Education to reinstate her as a teacher. After a show cause hearing, the trial court granted defendant's motion for summary judgment and plaintiff appeals.

Plaintiff contends the court erred in finding her claim was not legally tenable. The trial judge in finding that plaintiff was not entitled to the protections afforded by the teachers' tenure act[1] stated in his written opinion that:

"That plaintiff did not teach for the full school year is not in dispute. The contract plaintiff signed was not for a full year; and plaintiff admits by affidavit that even including the time she substituted on a regular basis prior to signing the contract, she was not employed for a full school year. Therefore, the claim that plaintiff was wrongfully discharged under the Teacher Tenure Act is untenable, since plaintiff was clearly not covered by that Act."

It is now well settled that where a motion for summary judgment is made for failure to state a claim upon which relief can be granted, all well-pled allegations must be taken as true.[2] If these allegations state a cause of action the motion must be denied. *Martin v Fowler,* 36 Mich App 725; 194

---

[1] MCLA 38.71 *et seq.;* MSA 15.1971 *et seq.*

[2] GCR 1963, 117.2(1).

NW2d 524 (1971), *Dunnan & Jeffrey, Inc v Gross Telecasting, Inc,* 7 Mich App 113; 151 NW2d 194 (1967).

Reviewing plaintiff's complaint and affidavit using the above standard, the following facts appear. Plaintiff was employed by defendant on September 7, 1971 and began teaching without a contract as a permanent substitute. Plaintiff taught 5th grade at Fox Hills Elementary School the entire fall semester of the 1971–1972 school year.

Defendant, near the end of the fall semester of the 1971–1972 school year, was informed that one of the regular teachers was taking a maternity leave. Defendant filled the vacancy for the second semester by entering into a probationary teacher contract with plaintiff on January 6, 1972. In the main body of the form contract it was provided that the term of employment was for one year starting on or about September 1st. Typewritten at the bottom of the contract was the statement "Prorate from January 7, 1972. Contract to terminate at end of school year June, 1972."[3]

Plaintiff stated in her affidavit that with the exception of January 3, 4, and 5, 1972, and the permissible sick and other leave days, she did teach each and every day of the 1971–1972 school year. Defendant in its brief admits that plaintiff was a certified teacher.

Defendant argues on appeal, as it did in the trial court, that MCLA 38.71; MSA 15.1971, as amended by 1967 PA 216, § 1, defines teacher for the purpose of the teachers' tenure act as "[P]ersons employed for a full school year".[4] Defendant thus contends the notice of discharge provision does not

---

[3] Also provided at the bottom of the contract was "Eligible for tenure 1-7-73".

[4] The 1967 amendment to MCLA 38.71; MSA 15.1971 added the words "for a full school year".

apply because plaintiff was only employed from January until June.

For the purposes of a motion for summary judgment under GCR 1963, 117.2(1), we must believe as true plaintiff's pleadings which state that, except for three days, she was employed for the full 1971–1972 school year. We must determine whether this admission precludes her from the act's coverage.

MCLA 38.71; MSA 15.1971 defines "teacher" for the purposes of the teachers' tenure act as "[A]ll certificated persons employed for a *full school year* by any board of education or controlling board * * * ". The purpose of the teachers' tenure act was to eliminate capricious employment practices by school boards and protect teachers from arbitrary and unreasonable dismissals, thus ensuring teachers a greater degree of security. *Wilson v Flint Board of Education,* 361 Mich 691; 106 NW2d 136 (1960), *Caddell v Ecorse Board of Education,* 17 Mich App 632; 170 NW2d 277 (1969).

Defendant has urged that we adopt a strict interpretation of the phrase "a full school year". We do not believe the Legislature intended to exclude from the tenure act's coverage a person who taught on a full-time basis for a whole school year except for a few days. Our reasons for this conclusion are two-fold. First, a literal interpretation of this phrase would allow a school board to circumvent the notice provisions contained in MCLA 38.83; MSA 15.1983, by simply hiring a probationary teacher a few days after the school year has begun. It is clear the Legislature did not intend this result. Our conclusion is further buttressed by Article X of the act, MCLA 38.172; MSA 15.2054, which provides that "No teacher may waive any rights and privileges under this act in any contract or agreement made with a controlling board".

By adopting a literal interpretation of the phrase "a full school year", the Legislature's purpose behind the teachers' tenure act would be frustrated. We hold that plaintiff's pleadings stated a cause of action. If plaintiff at trial is able to prove the facts alleged in her pleadings, we hold she would be entitled to the guarantees provided in MCLA 38.83; MSA 15.1983. This section reads:

"At least 60 days before the close of each school year the controlling board shall provide the probationary teacher with a definite written statement as to whether or not his work has been satisfactory. Failure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory. Any probationary teacher or teacher not on continuing contract shall be employed for the ensuing year unless notified in writing at least 60 days before the close of the school year that his services will be discontinued."

The statute mandates that a probationary teacher or one employed on a noncontinuing contract must be informed that her work is or is not satisfactory and that she will not be rehired for the following school year at least 60 days before the close of the school year.[5] *Weckerly v Mona Shores Board of Education,* 388 Mich 731; 202 NW2d 777 (1972). Plaintiff was employed under a noncontinuing contract.

Defendant contends that it was not required to inform plaintiff that her work was unsatisfactory. It contends it was wholly irrelevant under these facts. We do not agree.

The Supreme Court, upon rehearing in *Munro v Elk Rapids Schools,* 385 Mich 618; 189 NW2d 224

---

[5] We are not holding that the notice must give reasons why the teacher's performance is unsatisfactory or satisfactory, we are merely holding that the performance rating must be contained in the notice.

(1971), in adopting the minority opinion of Justice, now Chief Justice, T. G. KAVANAGH, 383 Mich 661, 688; 178 NW2d 450 (1970), has rejected defendant's argument. It was held in *Munro v Elk Rapids Schools, supra,* if the written statement that a teacher will not be rehired fails to state whether or not his or her work had been satisfactory, the written statement does not meet the statutory requirements of MCLA 38.83; MSA 15.1983.

It is our conclusion that a sufficient factual question exists for a trial on the merits of the cause.

Reversed and remanded for trial. No costs, a public question being involved.