ELLIS v WAKEFIELD TOWNSHIP SCHOOL DISTRICT

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—PROBATIONARY PERIOD
   —TENURE—TEACHER TENURE ACT—EXCEPTIONS—STATUTES.

   The only exception to the statutory requirement that all teachers
   during the first two school years of employment shall be
   deemed to be in a period of probation is that where a teacher
   on continuing tenure is employed by another controlling board
   the teacher shall not be subject to another probationary period
   of more than one year beginning with the date of that employ-
   ment, and at the option of the controlling board, may be placed
   immediately on continuing tenure (MCLA 38.81, 38.92; MSA
   15.1981, 15.1992).

2. STATUTES—ITEMS EXPRESSLY MENTIONED—EXCLUSION OF NONMEN-
   TIONED ITEMS—TEACHERS—TENURE—PROBATIONARY PERIOD.

   Express mention in a statute of one thing implies the exclusion of
   other similar things; therefore, by implication, a defendant
   school board was precluded by statute from granting tenure to
   a teacher prior to the expiration of the statutory two-year
   probationary period where the teacher did not fall within the
   one expressly mentioned exception to the statutory require-
   ment and any attempt to grant tenure sooner was an illegal act
   (MCLA 38.81, 38.92; MSA 15.1981, 15.1992).

3. CONTRACTS—TEACHERS—TENURE—VIOLATION OF STATUTE—VOID
   CONTRACTS.

   A plaintiff teacher who claimed tenure by contract gained no
   protection from an alleged contract where the contract relied
   on was in violation of a statute and was void and unenforcea-
   ble.

Appeal from Gogebic, Donald L. Munro, J. Sub-
mitted October 4, 1977, at Marquette. (Docket No.
77-359.) Decided October 25, 1977.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 68 Am Jur 2d, Schools § 149 et seq.
[3] 68 Am Jur 2d, Schools § 143.

Complaint for mandamus by Thomas Ellis against Wakefield Township School District and Board of Education of Wakefield Township School District to compel defendants to place plaintiff on tenure status for the 1976–1977 school year. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Foster, Swift, Collins & Coey, P. C.* (by *Arthur R. Przybylowicz),* for plaintiff.

*McNeil, Payant, Mouw & Lori,* for defendant.

Before: QUINN, P. J., and BASHARA and D. E. HOLBROOK, JR., JJ.

QUINN, P. J. By complaint for writ of mandamus and other relief, plaintiff sought to compel defendants to place plaintiff on tenure status for the 1976–1977 school year. Both parties filed motions for summary judgment and stipulated that the controversy be disposed of on the basis of the pleadings, stipulated facts, oral argument and briefs. The trial court granted defendants' motion and summary judgment entered in their favor. Plaintiff appeals.

Plaintiff has been employed by defendants as a full time teacher during the 1974–1975 and 1975–1976 school years. On the recommendation of the superintendent of defendants' schools and at a meeting held March 17, 1975, defendant board granted plaintiff tenure status beginning with the school year 1975–76. At a meeting held November 17, 1975, defendant board rescinded the grant of tenure status as being in violation of the state tenure act (MCLA 38.71 *et seq.;* MSA 15.1971 *et seq.).* At a meeting of defendant board held March 29, 1976, plaintiff was placed on third year probationary

status and was so advised by letter dated March 31, 1976. Plaintiff's only teaching employment in Michigan has been as stated above. Plaintiff filed this action May 10, 1976.

Plaintiff states the first issue as:

"Did the appellee board of education's action in granting appellant tenure after one year of teaching in the school district give the appellant tenure under the Michigan teacher tenure act?"

In support of an affirmative answer to this question, plaintiff argues that the tenure act does not preclude a board of education from granting a teacher tenure prior to the expiration of a two-year probationary period and considering the purpose of the tenure act, his grant of tenure was valid and binding. The trial court did not accept this argument, nor do we.

MCLA 38.151; MSA 15.2051 provides:

"This act shall apply to all school districts of the state."

The pertinent portion of MCLA 38.81; MSA 15.1981 provides:

"All teachers during the first two school years of employment shall be deemed to be in a period of probation:".

The only exception to the required two-year probationary period is found in MCLA 38.92; MSA 15.1992:

"If a teacher on continuing tenure is employed by another controlling board, he shall not be subject to another probationary period of more than one year

beginning with the date of employment, and may at the option of the controlling board be placed immediately on continuing tenure."

Plaintiff does not fall within this exception. Express mention in a statute of one thing implies exclusion of other similar things, *Valenti Homes, Inc v Sterling Heights,* 61 Mich App 537; 233 NW2d 72 (1975). By implication, defendant board was precluded from granting plaintiff tenure prior to the expiration of the two-year probationary period. The attempt to do so was an illegal act. Plaintiff did not gain tenure under the tenure act.

Plaintiff claims tenure by contract, but the contract relied on was in violation of the statute and was void and unenforceable, *American Trust Co v Michigan Trust Co,* 263 Mich 337; 248 NW 829 (1933). Plaintiff obtained nothing by the alleged contract.

Decision on these two issues obviates discussion of the final two issues.

Affirmed with costs to defendants.