DAVIS v HARRISON COMMUNITY SCHOOLS BOARD OF
EDUCATION

Docket No. 58750. Submitted October 12, 1982, at Lansing.—Decided
May 24, 1983. Leave to appeal applied for.

Dorne Davis was employed as a regular full-time teacher with the
Harrison Community Schools on January 24, 1977. Mr. Davis
was employed continuously with the Harrison schools and in
March, 1978, he was placed on a second year of probation. On
January 29, 1979, the Board of Education sent letters to Mr.
Davis and the State Tenure Commission notifying them that
Mr. Davis was being placed on a third year of probation. On
October 23, 1979, Mr. Davis was notified that the board had
moved to discontinue Mr. Davis's employment at the conclusion
of the school year. Davis filed a petition with the State Tenure
Commission seeking to remedy the board's failure to afford him
his rights as guaranteed by the teacher tenure act. The com-
mission entered a summary judgment for Davis and ordered
that Davis be reinstated with all salary lost. The board ap-
pealed to the Clare Circuit Court. The court, Alexander T.
Strange, II, J., acting judge, reversed the decision of the com-
mission. Davis appealed. *Held:*

The school board's purported action of placing Davis on a
third year of probation was ineffective because notice to the
commission was not afforded prior to the end of Davis's second
year of probationary service. Davis achieved tenure status at
the end of his second year, January 23, 1979. Davis's discharge
without adherence to the procedural protections of the teacher
tenure act was improper and mandates his reinstatement.

Reversed and remanded.

1. SCHOOLS — TEACHER TENURE ACT.
The appeal period provided for in the teacher tenure act does not

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Schools § 204.
[2, 4] 73 Am Jur 2d, Statutes § 145.
[3] 73 Am Jur 2d, Statutes § 254.
[5, 7] 68 Am Jur 2d, Schools § 152.
[6] 73 Am Jur 2d, Statutes § 168.
[7] 68 Am Jur 2d, Schools § 188.

commence until rights enforceable under the act are adversely affected (MCL 38.121; MSA 15.2021).

2. STATUTES — JUDICIAL CONSTRUCTION.

The cardinal rule of statutory construction is to ascertain and effectuate the Legislature's intent in enacting the provision and, where the disputed provision is subject to more than one interpretation, the purpose and objective of the enactment will be reviewed to determine legislative intent.

3. STATUTES — JUDICIAL CONSTRUCTION.

A court, in construing a statute, should give effect to every part of the statute; one part should not be construed so as to render another part nugatory.

4. SCHOOLS — TEACHER TENURE ACT.

The clear legislative intent in passing the teacher tenure act was to protect teachers from the arbitrary and capricious employment practices of their employers.

5. SCHOOLS — TENURE.

A teacher is required to serve two full school years of probation rather than portions of two separate school years to claim tenure under the teacher tenure act (MCL 38.71, 38.81; MSA 15.1971, 15.1981).

6. STATUTES — JUDICIAL CONSTRUCTION.

The construction given a statute by the agency charged with the duty of administering it is entitled to deference and should not be reversed without cogent reasons.

7. SCHOOLS — TENURE.

A teacher engaged in the second year of employment will obtain tenure at the completion of the second year where a controlling board fails to give him notice that he will not obtain tenure providing that the controlling board does not require a third year of probation by giving timely notice to the tenure commission under the teacher tenure act (MCL 38.71, 38.81, 38.83; MSA 15.1971, 15.1981, 15.1983).

*Foster, Swift, Collins & Coey, P.C.* (by *Stephen O. Schultz*), for plaintiff.

*Thrun, Maatsch & Nordberg, P.C.* (by *G. Michael White*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and J. H. GIL-
LIS and M. E. DODGE,* JJ.

M. E. DODGE, J. Dorne Davis appeals as of right
from a circuit court order reversing a decision of
the State Tenure Commission and finding that he
was not a tenured teacher at the time the Harri-
son Community School Board terminated his em-
ployment. The case requires us to determine
whether, under the teacher tenure act, MCL 38.71
*et seq.;* MSA 15.1971 *et seq.,* the two-year proba-
tionary period[1] of an individual who begins teach-
ing after the start of the school year commences at
the time he or she begins employment or at the
start of the following school year.

Davis began his employment with the Harrison
Community Schools as a regular, full-time class-
room teacher on January 24, 1977. Davis had not
previously obtained tenure with any other school
system. On March 13, 1978, plaintiff extended
Davis's service for a second year and informed him
of that action on March 15, 1978. On January 8,
1979, the school board took action to place Davis
on a third year of probation. The school board
notified the State Tenure Commission of that ac-
tion by letter dated January 29, 1979. On October
22, 1979, the board determined that Davis had
performed unsatisfactorily and notified him that
his services would be terminated at the close of
the first semester of the 1979-80 school year.

Davis filed a petition with the tenure commis-
sion, alleging that he had gained tenure prior to
this discharge from employment and that such

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The teacher tenure act, article II, § 1, MCL 38.81; MSA 15.1981,
provides with exceptions not here applicable that "[a]ll teachers
during the first two school years of employment shall be deemed to be
in a period of probation".

discharge without adherence to the provisions of article IV of the tenure act, MCL 38.101 *et seq.;* MSA 15.2001 *et seq.,* was unlawful. It was, and remains, Davis's theory that his two-year period of probation began on January 24, 1977, and ended on January 23, 1979. According to Davis, the board's failure to notify him 60 days prior to the end of the probationary period that either his services would be terminated or that he would be placed on a third year of probation resulted in his gaining tenure at the end of the two-year period.

The commission adopted the anniversary date method, finding that the probationary period began on the initial date of Davis's employment and ended two years thereafter. Since notice of the third year of probation was not provided to the commission until January 29, 1979, after the two-year period of probation had expired, the commission determined that the purported third year of probation was without effect. It concluded that Davis achieved tenure as a matter of law on January 23, 1979, and that his discharge from employment without adherence to the procedures contained in the act was invalid. It thus granted Davis's motion for summary judgment and reinstated his employment with lost salary.

On appeal, the circuit court rejected the anniversary date method. Construing article I, § 1 of the act, MCL 38.71; MSA 15.1971, the court found that Davis's two-year probationary period did not commence until the start of the 1977-78 school year. It concluded that Davis was validly placed on a third year of probation, that he was a probationary teacher at the time of his discharge, and that the school board had properly provided notice of nonrenewal at least 60 days before the end of the school year. See MCL 38.82, 32.83; MSA 15.1982, 15.1983. Davis appeals.

## I

Was Davis's petition in the tenure commission timely?

The school board argues that Davis's petition was untimely under MCL 38.121; MSA 15.2021, which provides in part:

"A teacher who has achieved tenure status may appeal any decision of a controlling board under this act within 30 days from the date of such decision, to a state tenure commission."

According to the board, the petition was essentially a challenge to its alleged failure to timely notify the commission of its January 8, 1979, decision to place Davis on a third year of probation. The school board contends that the petition was untimely because it was not filed within 30 days after January 8, 1979. We disagree and adopt the commission's analysis of this issue.

The appeal period under MCL 38.121; MSA 15.2021 does not commence until rights enforceable under the act are adversely affected. The petition was clearly an appeal from the board's decision terminating Davis's employment; it was not an appeal from the board's earlier action purportedly placing him on a third year of probation. Davis's rights were not adversely affected until the board took action to terminate him on October 22, 1979. The petition was filed on November 13, 1979, within the 30-day period provided in the statute.

## II

Did Davis's two-year probationary period begin on the initial date of his employment, January 24, 1977, or at the start of the 1977-78 school year?

Resolution of this question depends upon when Davis became a "teacher" within the definition of MCL 38.71; MSA 15.1971.

As initially adopted, the statute defined "teacher" as follows:

"The term 'teacher' as used in this act shall include all certificated persons employed by any board of education or controlling board of any public educational institution."

Article I, § 1, was amended by 1967 PA 216, and presently provides:

"The term 'teacher' as used in this act shall include all certificated persons employed *for a full school year* by any board of education or controlling board of any public educational institution." (Emphasis added.)

In the present case, the commission noted its long-standing adherence to the anniversary date method of computing the probationary period:

"Since 1950, this Commission has been controlled by OAG 1126 (2-17-50) which sets forth what has been termed an anniversary date rationale to the computation of the probationary period. The opinion concluded:

"While the Tenure Act, Art. II, does not make express provision for credit of fractions of school years toward the completion of the two year probationary period of a beginning teacher, neither does the act expressly require the completion of the two complete, consecutive and regular school years. The probationary period implies that a beginning teacher is 'on trial' during his *first* two years of employment in respect to his being granted tenure. This is the prescribed length of time given to the board within which to determine the tenure in the district. We think that the period should not be extended through interpretation beyond the statutory requirement.

"Applying this rationale, we have held the probationary period begins with the intial date of employment and continues for two years; it is completed on the second anniversary of the date of employment."

The school board argues, however, that under the 1967 amendment to article I, § 1 only those persons who are employed at the start of the school year are "teachers" under the act. The board concludes that Davis was not a "teacher" and his two-year period of probation did not commence until the start of his first full school year.

In interpreting the tenure act, we are cognizant of several well-established rules of statutory construction. The cardinal rule is to ascertain and effectuate the Legislature's intent in enacting the provision. *Lamphere Schools v Lamphere Federation of Teachers,* 400 Mich 104, 110; 252 NW2d 818 (1977). Where the disputed provision is subject to more than one interpretation, the purpose and objective of the enactment will be reviewed to determine legislative intent.[2] *Carter Metropolitan Christian Methodist Episcopal Church v Liquor Control Comm,* 107 Mich App 22, 28; 308 NW2d 677 (1981), *lv den* 411 Mich 1037 (1981). Every part of a statute is to be given effect; one part should not be construed so as to render another nugatory. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956).

The clear legislative intent in passing the tenure act was to protect teachers from the arbitrary and capricious employment practices of their employers. *Wilson v Flint Bd of Ed,* 361 Mich 691; 106

---

[2] The board urges that *express unambiguous* statutory language may not be disregarded in deference to the overall "spirit" of the statute. *Street v Ferndale Bd of Ed,* 361 Mich 82, 86-87; 104 NW2d 748 (1960). However, we find the phrase "employed for a full school year" in MCL 38.71; MSA 15.1971 to be ambiguous and therefore subject to interpretation in light of the overall statutory purpose.

NW2d 136 (1960); *Rehberg v Bd of Ed of Melvindale, Ecorse Twp School Dist No 11, Wayne County,* 330 Mich 541; 48 NW2d 142 (1951).

After carefully reviewing the arguments of counsel and applying the applicable rules of construction, this Court is convinced that the tenure commission was correct in adopting the anniversary date method of computing Davis's period of probation.

The school board contends that the only logical purpose for the 1967 amendment to article I, § 1 was to limit the statutory definition of "teacher" to those individuals employed at the beginning of the school year. While we find this to be a reasonable interpretation, we are persuaded that such was not the Legislature's intent. We reject that interpretation primarily because its effect would be to require hundreds, perhaps thousands, of teachers to routinely serve more than two years of probation, thus conflicting with article II, § 1; MCL 38.81; MSA 15.1981. See, also, *Wilson v Flint Bd of Ed, supra.* Individuals who begin teaching on the second day of the school year and any time thereafter would be given no credit against their two-year probationary period. In the absence of a clear legislative intent, we decline to so extend the mandatory period of probation. We agree with the tenure commission that such a construction would open the door to a great abuse in the hiring and discharging of new teachers, a practice which the act was designed to cure.

We find that the amendment was intended to make clear that a teacher is required to serve two full school years of probation rather than portions of two separate school years. Prior to the amendment, a teacher hired for part of a school year and rehired for the following year could have claimed

tenure based on service during two school years. The amendment forecloses any attempt to assert tenure based on less than two full school years of employment.

Finally, we note that the construction given a statute by the agency charged with the duty of administering it is entitled to deference and should not be reversed without cogent reasons. *Magreta v Ambassador Steel Co (On Rehearing),* 380 Mich 513, 519; 158 NW2d 473 (1968). The tenure commission has consistently interpreted the act as embracing the anniversary date method of computing the probationary period.

We conclude that Davis's period of probation began on January 24, 1977, and ended on January 23, 1979.

## III

Was Davis validly placed on a third year of probation?

Under MCL 38.82; MSA 15.1982, the controlling board may place a teacher on a third year of probation upon giving notice to the tenure commission.[3] As noted earlier, the school board resolved to place Davis on a third year of probation on January 8, 1979, but did not notify the tenure commission of that decision until January 29, 1979, five days after Davis had completed his second probationary year of service.

Where a controlling board fails to give a probationary teacher notice under MCL 38.83; MSA 15.1983, a teacher engaged in the second year of

[3] MCL 38.82; MSA 15.1982 provides:

"No teacher shall be required to serve more than 1 probationary period in any 1 school district or institution: Provided, That a third year of probation may be granted by the controlling board upon notice to the tenure commission."

employment will obtain tenure at the completion of the second year, providing that the controlling board does not require a third year of probation by giving timely notice to the tenure commission under the act. *Amato v Oxford Area Community School Dist No 7,* 402 Mich 521, 526-527; 266 NW2d 445 (1978), citing 2 OAG, 1957-1958, No 3297, pp 265-266 (October 15, 1958). We agree with the commission's interpretation that the third year of probation does not become effective until notice is given to the commission. In the present case, the board's purported action placing Davis on a third year of probation was ineffective because notice to the commission was not afforded prior to the end of Davis's second year of probationary service.

We conclude that Davis achieved tenure status at the end of his second year, January 23, 1979. Davis's discharge, without adherence to the procedural protections of the act, was improper and mandates his reinstatement.

The circuit court's decision is reversed and the case is remanded to the tenure commission for a determination of back pay pursuant to *Shiffer v Bd of Ed of Gibraltar School Dist,* 393 Mich 190; 224 NW2d 255 (1974).