CADILLAC AREA PUBLIC SCHOOLS BOARD OF EDUCATION v
WARD

Docket No. 72375. Submitted March 9, 1984, at Lansing.—Decided
   April 23, 1984. Leave to appeal applied for.
The Board of Education of the Cadillac Area Public Schools
   appealed to the Ingham Circuit Court from a decision by the
   State Tenure Commission which granted Jan Ward tenured
   status and ordered her reinstatement with lost salary. The
   circuit court, Michael G. Harrison, J., upheld the tenure com-
   mission's decision. The board of education appeals from the
   order affirming the tenure commission. *Held:*

   1. The commission and the circuit court did not err in
   concluding that the board's action in placing Ward on a third
   year of probation was ineffective because the board failed to
   notify the tenure commission of its action as required by
   statute.

   2. The tenure commission's use of the anniversary method of
   computing a first-time probationary teacher's probationary pe-
   riod was not erroneous.

   3. Mrs. Ward was employed under contract and taught in a
   regular classroom position for more than two school years. Her
   service was sufficiently continuous to provide the board an
   opportunity to evaluate her performance and, under the facts,
   did not prevent her from completing her probationary term.
   The tenure commission and the circuit court did not err in
   finding the completion of the requisite two-year probationary
   term.

   Affirmed.

1. SCHOOLS — TENURE.
   A board of education may place a teacher on a third year of
   probation upon giving timely notice to the State Tenure Com-
   mission; the third year of probation does not become effective
   until notice is given to the commission as required by statute
   (MCL 38.82; MSA 15.1982).

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 68 Am Jur 2d, Schools § 152.
   Who is "teacher" for purposes of tenure statute. 94 ALR3d 141.

2. SCHOOLS — TENURE — TENURE COMMISSION — PROBATIONARY
   PERIOD — ANNIVERSARY METHOD.

 The State Tenure Commission may properly use the anniversary
method for computing a first-time probationary teacher's proba-
tionary period.

3. SCHOOLS — TENURE — PROBATIONARY PERIOD.

 The teacher tenure act provides that all teachers during the first
two years of employment shall be deemed to be in a period of
probation; the act does not require that in all cases such two-
year period be continuous or unbroken in order to meet the
two-year requirement (MCL 38.81; MSA 15.1981).

*Thrun, Maatsch & Nordberg, P.C.* (by *Patrick B. Mooney*), for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *Stephen O. Schultz*), for defendant.

Before: CYNAR, P.J., and R. B. BURNS and R. L. TAHVONEN,* JJ.

PER CURIAM. Appellant, Board of Education of the Cadillac Area Public Schools, appeals as of right from a circuit court order affirming a decision of the State Tenure Commission which granted Jan Ward tenured status and ordered her reinstatement with lost salary. Three issues are raised for our consideration.

First, the board claims that the commission and lower court both erred in concluding that the board's action in placing Ward on a third year of probation was ineffective because the board failed to notify the tenure commission of its action as required by MCL 38.82; MSA 15.1982. In this case, the commission held, as it has a number of times in the past, that the board's action placing Ward on a third year of probation was not effective in the absence of notice as required by the statute. In

---

 * Circuit judge, sitting on the Court of Appeals by assignment.

*Davis v Harrison Community Schools Bd of Ed,*
126 Mich App 89, 97-98; 342 NW2d 528 (1983), *lv
den* 418 Mich 912 (1984), this Court agreed with
the commission's interpretation that the third
year of probation does not become effective until
notice is given to the commission. We decline the
board's present invitation to disagree with our
colleagues and believe that *Davis* mandates affir-
mance on this issue.

Second, the board argues that the tenure com-
mission's use of the anniversary method of com-
puting a first-time probationary teacher's proba-
tionary period is erroneous. This argument was
likewise considered and rejected in *Davis.* We
think the *Davis* panel was correct and decline to
disturb the decisions below on this basis.

Third, the board argues that Mrs. Ward never
completed two years of probationary service be-
cause of lapses or gaps in her service as a teacher.
Specifically, the 1976-1977 school year began for
teachers on September 9, 1976, and Mrs. Ward
was not employed until November 1, 1976, by
written contract to replace a fifth-grade teacher.
She continued in that capacity until school ended
on June 17, 1977. The 1977-1978 school year began
for teachers on August 29, 1977. From September
to November, Mrs. Ward taught for approximately
35 days as a substitute. She was thereafter em-
ployed on November 25, 1977, through the last day
of school on June 9, 1978, replacing a teacher who
was on leave. On April 28, 1978, the board in-
formed Mrs. Ward that she would be placed on
probation for a third year. The State Tenure Com-
mission was not notified of the action. Mrs. Ward
was employed during the entire 1978-1979 school
year, the first semester as a substitute for a
teacher on maternity leave and the second semes-

ter as a "traveling substitute" throughout the school district. On April 10, 1979, the board notified Mrs. Ward that her employment was terminated, effective at the end of the school year. The record demonstrates that Mrs. Ward taught 146 of the 183 school days during the 1976-1977 school year as a full-time fifth-grade teacher. During the 1977-1978 school year she taught for a period of 129 days. Finally, Mrs. Ward taught the entire 1978-1979 school year of at least 180 days under a probationary teacher's contract and the collective-bargaining agreement. It is clear that Mrs. Ward was employed under contract and taught in a regular classroom position for more than two school years. The issue becomes whether or not the break in Mrs. Ward's service prevented her from completing her probationary term. There is nothing in the statute, MCL 38.81; MSA 15.1981, which requires that the two-year period be continuous or unbroken. Although there may be situations where a break in service could effectively deprive the board of an opportunity to meaningfully evaluate a probationary teacher's performance, service here by Mrs. Ward was sufficiently continuous to provide the board an opportunity to evaluate her performance. Although there may be situations where periods of service are so discontinuous or brief in duration that they could not be "tacked" together to meet the two-year requirement, we are of the view that the tenure commission and the circuit court did not err in this case in finding completion of the requisite two-year probationary term.

The decision of the circuit court is affirmed. No costs, a public question being involved.