BREUHAN v PLYMOUTH-CANTON COMMUNITY SCHOOLS

Docket No. 75055. Submitted June 21, 1984, at Lansing.—Decided October 1, 1984. Leave to appeal applied for.

Glenn Breuhan was hired as a teacher by the Plymouth-Canton Community Schools on October 3, 1979, approximately three weeks after the commencement of the 1979-1980 school year. Breuhan's contract of employment for the regular school year called for 170 days of service, rather than the 187 days required of all other teachers in the district. However, Breuhan also entered into a supplemental contract to work an additional 10 days in the Plymouth-Canton Schools' extended school year program during the 1979-1980 school year. Plymouth-Canton Schools again employed Breuhan as a teacher during the 1980-1981 school year. On April 22, 1981, Breuhan was notified that he would be laid off at the end of the school year for reasons of economic necessity and not teaching performance. Breuhan worked until August 26, 1981, the last day of the school year. Thus, during the two-year period, Breuhan worked 367 days, as opposed to 374 days by other full-time teachers in the district. Breuhan filed a petition with the State Tenure Commission alleging that he achieved tenure status on August 26, 1981. The school board alleged he had not acquired tenure because he had not completed his probationary period when he was laid off. The commission held that Breuhan had not acquired tenure. Breuhan sought review in the Ingham Circuit Court, and the court, James R. Giddings, J., reversed the tenure commission and held that Breuhan acquired tenure on August 26, 1981. Plymouth-Canton Community Schools appealed. *Held:*

A teacher who has not been given notice that his work is unsatisfactory, as is required by the teacher tenure act, acquires tenure after substantially complying with the two-year probationary period requirement. The purpose of the two full school year provision is met where the teacher has taught for a

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 68 Am Jur 2d, Schools §§ 152, 185 *et seq.*

Sufficiency of notice of intention to discharge teacher, or not to renew contract, under statutes requiring such notice. 92 ALR2d 751.

time sufficient for the school district to determine the competence of the teacher.

Affirmed.

MacKenzie, J., dissented. She would hold that the proper test of completion of the two-year probationary period requirement is the anniversary-date test employed by the State Tenure Commission and that substantial compliance should only be an issue where, although the teacher satisfies the anniversary-date test, there is some hiatus in employment during the two-year period or where the school district in bad faith and without legitimate reason delayed hiring until after the start of a school year in an apparent attempt to evade its obligations under the teacher tenure act. She would reverse.

### Opinion of the Court

1. Schools — Probationary Teachers — Notice — Teacher Tenure Act.

   The teacher tenure act requires that probationary teachers be notified 60 days before the completion of the school year that their work is unsatisfactory if the school district does not desire to rehire them, except where the teacher is validly placed on a third year of probation or where the teacher is laid off due to economic necessity (MCL 38.83; MSA 15.1983).

2. Schools — Probationary Teachers — Notice — Teacher Tenure Act.

   A teacher who has not been given notice that his work is unsatisfactory, as is required by the teacher tenure act, acquires tenure after substantially complying with the two-year probationary period requirement; the purpose of the two full school year provision is met where the teacher has taught for a time sufficient for the school district to determine the competence of the teacher (MCL 38.71 et seq.; MSA 15.1971 et seq.).

### Dissent by MacKenzie, P.J.

3. Schools — Probationary Teachers — Notice — Teacher Tenure Act.

   A teacher who has not been given notice that his work is unsatisfactory, as is required by the teacher tenure act, acquired tenure after complying with the two-year probationary period requirement; that requirement is met only when the teacher has been employed for two calendar years from the date of beginning his employment.

*Levin, Levin, Garvett & Dill* (by *Harvey I. Wax* and *Martha R. Houser),* for petitioner.

*Clark, Hardy, Lewis, Pollard & Page, P.C.* (by *Richard E. Kroopnick),* for respondent.

Before: MACKENZIE, P.J., and BEASLEY and J. R. KIRWAN,* JJ.

BEASLEY, J. For reasons of economic necessity, petitioner, Glenn Breuhan, was denied a teaching contract by respondent Plymouth-Canton Community Schools Board of Education in September, 1981. Breuhan appealed the decision to the State Tenure Commission, seeking reinstatement and compensation for lost wages and benefits on the basis that he possessed statutory tenure. The tenure commission denied Breuhan's appeal, holding that Breuhan was not a tenured teacher. Breuhan appealed as of right to the Ingham County Circuit Court. That court reversed the tenure commission and remanded for determination of compensation and benefits. Plymouth-Canton Schools appeal the circuit court's decision as of right.

Breuhan was employed as a teacher by Plymouth-Canton Schools on October 3, 1979, approximately three weeks after the September 10, 1979, commencement of the 1979-1980 school year. Breuhan's contract of employment for the regular school year called for 170 days of service, as opposed to the 187 days required of all other teachers in the district. However, Breuhan also entered into a supplemental contract to work an additional ten days in the Plymouth-Canton Schools' extended school year program during the 1979-1980 school year. The extended school year program consists of year-round schooling. Students enrolled

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in the program receive approximately 45 days of instruction followed by 15 days of vacation.

Plymouth-Canton Schools again employed Breuhan as a teacher during the 1980-1981 school year. On April 22, 1981, Breuhan was notified that he would be laid off at the end of the school year for reasons of economic necessity and not teaching performance. Breuhan worked until August 26, 1981, the last day of the school year. Thus, during the two-year period, Breuhan worked 367 days, as opposed to 374 days by other full-time teachers in the district.

On appeal, Plymouth-Canton Schools contend that tenure may not be granted until the teacher has taught two full years as required by statute, and that the two-year period is properly computed by the "anniversary date" method. Plymouth-Canton Schools argue that, since plaintiff was not employed on his "anniversary date", he did not complete the statutorily required two years.

The teacher tenure act[1] was enacted to prevent abuse of employment practices, reduce teacher turnover, and improve education by retaining qualified, capable teachers of demonstrated fitness.[2] As part of the statutory scheme, the teacher must demonstrate his ability to teach over a two-year period before gaining the full protection of the tenure act.[3] During the probationary period, the teacher must be notified that his work is unsatisfactory if the school district does not desire

[1] MCL 38.71 *et seq.;* MSA 15.1971 *et seq.* Whether the tenure act has realized its objectives is a disputed question that will be left in other hands. Whether the unionizing of teachers and its accompanying collective-bargaining agreements and grievance procedures, which came *after* the tenure act, has obviated the necessity for statutory tenure is also a disputed issue.

[2] *Holton Public Schools v Farmer,* 77 Mich App 765, 770; 259 NW2d 219 (1977), *lv den* 402 Mich 909 (1978).

[3] MCL 38.81; MSA 15.1981 and MCL 38.84; MSA 15.1984.

to rehire him.[4] Notice that the teacher's performance was unsatisfactory must be given 60 days before the completion of the school year, or it will be presumed that the teacher's work was satisfactory, and the teacher will have to be rehired.[5]

There are two exceptions to such notice requirement. One exception is where the teacher is validly placed on a third year of probation. The other exception is where the teacher is laid off due to economic necessity.[6] Even if the teacher is given notice of layoff, he will achieve tenured status if the two-year period is completed.[7] Breuhan was indisputably laid off due to economic necessity. The issue on appeal is whether Breuhan had satisfactorily completed the two-year probationary period and, therefore, was to be afforded the rights of a tenured teacher.

MCL 38.81; MSA 15.1981 provides that "[A]ll teachers during the first 2 school years of employment shall be deemed to be in a period of probation". This Court has held that the two-year probationary period may not be reduced.[8] The tenure act (MCL 38.71; MSA 15.1971) defines "teacher" as "all certificated persons employed for a full school year by any board of education or controlling board of any public educational institution". Thus, the teacher must work two full school years to have completed the probationary period. What constitutes a school year is defined in MCL 38.75; MSA 15.1975 as "the legal school year at the time and place where service was rendered". This term

[4] *Munro v Elk Rapids Schools (On Rehearing)*, 385 Mich 618; 189 NW2d 224 (1971).

[5] MCL 38.83; MSA 15.1983.

[6] *Boyce v Royal Oak Bd of Ed*, 407 Mich 312; 285 NW2d 196 (1979).

[7] *Holton Public Schools, supra.*

[8] *Ellis v Wakefield Twp School Dist*, 79 Mich App 347; 261 NW2d 320 (1977).

is further clarified by the School Code of 1976, which provides that:

"The board of a school district shall determine the length of the school term. The minimum number of days of student instruction shall be 180." MCL 380.1284; MSA 15.41284.

The State Tenure Commission computes the probationary period by using the "anniversary date" method. Under this approach, a teacher employed after the beginning of the school year completes his probationary period two years from the date of his employment.[9] However, this Court has also held that a full school year does not exclude one where the teacher has taught the full year except for a few days.[10]

In *Blurton v Bloomfield Hills Bd of Ed*,[11] the teacher had taught the full year except for three days at the beginning of the second semester of school. In finding that the teacher's substantial compliance with the requirement that she teach a full school year was sufficient, this Court held that a literal interpretation of the phrase "a full school year" would frustrate the Legislature's purpose behind the tenure act. This Court's primary concern was that to hold otherwise would allow a school board to circumvent the notice provision of the tenure act by hiring a teacher a few days after the school year began. It should be noted, however, that the "anniversary date" method of computing the two-year probationary period had not been

[9] *Davis v Harrison Community Schools Bd of Ed,* 126 Mich App 89, 96; 342 NW2d 528 (1983); *Cadillac Area Public Schools Bd of Ed v Ward,* 134 Mich App 811; 351 NW2d 873 (1984).

[10] *Blurton v Bloomfield Hills Bd of Ed,* 60 Mich App 741, 744; 231 NW2d 535 (1975).

[11] *Id.*

approved by this Court at the time *Blurton* was decided.

We read *Blurton* to mean that less than 187 days of teaching can qualify as a full school year within the meaning of the tenure act. What we next must determine is over what period the substantial compliance must occur, *i.e.,* the regular school year or the "anniversary date" school year.

The notice provision of the tenure act (MCL 38.83; MSA 15.1983) provides:

"At least 60 days before the close of each school year the controlling board shall provide the probationary teacher with a definite written statement as to whether or not his work has been satisfactory. Failure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory. Any probationary teacher or teacher not on continuing contract shall be employed for the ensuing year unless notified in writing at least 60 days before the close of the school year that his services will be discontinued."

Thus, the decision to retain or dismiss the probationary teacher must be made prior to the end of the regular school year. If the period of time the teacher has taught is sufficient for the school district to determine the competence of the teacher, the purpose of the two full school year provision is then met.[12]

Breuhan began his employment with Plymouth-Canton Schools some 17 days after the beginning of the school year. He worked an additional 10 days at the end of the school year. The following year, Breuhan taught the complete year. We conclude that Plymouth-Canton Schools had adequate time to evaluate Breuhan's teaching performance and, thus, Breuhan completed the probationary

---

[12] *Cadillac Area Public Schools Bd of Ed v Ward, supra.*

period on August 26, 1981, his last day of teaching under the contract. The failure of Plymouth-Canton Schools to inform Breuhan that his teaching was unsatisfactory resulted in Breuhan's achieving tenured status on that date.

Consequently, we affirm the circuit court decision and remand the case to the tenure commission for further proceedings consistent with this opinion.

Affirmed.

J. R. KIRWAN, J., concurred.

MacKenzie, P.J. *(dissenting)*. I respectfully dissent. The State Tenure Commission has adhered to the anniversary-date method of computing the probationary period since 1950, see *Davis v Harrison Community Schools Bd of Ed,* 126 Mich App 89, 94; 342 NW2d 528 (1983), and I agree with other panels of this Court which have endorsed that method, *Davis, supra,* p 96; *Cadillace Area Public Schools Bd of Ed v Ward,* 134 Mich App 811; 351 NW2d 873 (1984). Clearly, there is a need for a workable method of computation which can be easily applied and which will have fairly predictable results. I believe the anniversary-date method better satisfies this need than does the "substantial compliance" approach adopted by the majority.

In *Blurton v Bloomfield Hills Bd of Ed,* 60 Mich App 741; 231 NW2d 535 (1975), the plaintiff teacher had in fact met the two-year anniversary date test; it was necessary in that case to determine whether the plaintiff had substantially complied with the two-year probation period requirement only because there had been a mid-period hiatus in employment. See also *Ward, supra.* Hence, I would hold that the threshold require-

ment is that the two-year anniversary-date test be met, and that "substantial compliance" is an issue only where, although the teacher satisfies the anniversary-date test, there was some hiatus in employment during the course of the two-year period.

In the present case, plaintiff fails to meet the threshold requirement of satisfying the two-year anniversary date test since his employment began on October 3, 1979, and ceased August 26, 1981. While an exception to the two-year anniversary-date requirement might properly be made where it is shown that the school district in bad faith and without legitimate reason delayed hiring until after the start of the school year in an apparent attempt to evade its obligations under the teacher tenure act, plaintiff herein has made no such claim of bad faith. I would reverse the circuit court and reinstate the tenure commission's decision.