KELLERMAN v BOARD OF EDUCATION OF THE BAY CITY
PUBLIC SCHOOLS

Docket Nos. 71941, 71942. Submitted June 5, 1984, at Lansing.—
Decided March 4, 1985. Leave to appeal applied for.

Suzanne Kellerman and other similarly situated adult education
instructors for the Bay City Public School system filed a peti-
tion with the State Tenure Commission seeking tenure under
the teacher tenure act, alleging that they had taught during
the 1976-1977 and 1977-1978 school years. The respondent, the
Board of Education of the Bay City Public Schools, denied that
the instructors had completed a full two-year probationary
period. The petitioners had taught two 16-week semesters each
of the two years in question with teaching assignments varying
from 3 hours to 24 hours of instruction per week. The commis-
sion at first found that the instructors' part-time employment
each year constituted a full school year and that they had
completed the two-year probationary requirement. The Bay
City Board of Education filed a petition for review in Bay
Circuit Court, and the Michigan Association of School Boards
was granted leave to appeal as amicus curiae. That court, John
X. Theiler, J., on a motion by the instructors, remanded the
case to the tenure commission. On remand, the commission
reversed its earlier decision and ordered that the instructors'
petition for tenure be denied on the ground that there is no
requirement that adult education teachers be certified and that
the instructors did not qualify for tenure since only certificated
teachers are covered by the teacher tenure act. The instructors
then filed a petition for review in Ingham Circuit Court. The
State Board of Education was permitted to intervene in the
case, and the Michigan Federation of Teachers was permitted
to file an amicus curiae brief in support of the instructors'
position. The court, Robert H. Bell, J., affirmed the decision of
the tenure commission denying tenure to the instructors on the
certification issue. The court did not reach the issue as to
whether the instructors' employment constituted a full school
year for purposes of the tenure act. The instructors and the

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 68 Am Jur 2d, Schools § 152.

State Board of Education filed separate appeals, which were consolidated by the Court of Appeals. The Michigan Federation of Teachers was granted leave to file an amicus curiae brief arguing for reversal, and the Michigan Association of School Boards also was granted leave to file an amicus curiae brief arguing for affirmance. *Held:*

The circuit court's denial of tenure to the instructors is affirmed, not on the basis of the certification issue, but because the instructors did not meet the full school year requirement and did not meet the definition of "teacher" necessary to acquire tenure under the tenure act.

Affirmed.

1. SCHOOLS — TEACHERS — TENURE.

A minimum of 180 days of employment constitutes employment for a full legal school year for tenure purposes (MCL 380.1284; MSA 15.41284).

2. SCHOOLS — TEACHERS — TENURE.

A teacher is required to serve two full school years of probation rather than portions of two school years to claim tenure under the teacher tenure act (MCL 38.71, 38.81; MSA 15.1971, 15.1981).

*Foster, Swift, Collins & Coey, P.C.* (by *Arthur R. Przybylowicz*), for Suzanne Kellerman.

*Lambert, Leser, Hebert, Dahm, Giunta & Cook, P.C.* (by *Peter F. Dahm*), for Board of Education of the Bay City Public Schools.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gerald F. Young* and *Richard P. Gartner,* Assistants Attorney General, for Intervenor-Appellant-Petitioner State Board of Education.

Amici Curiae:

*Miller, Cohen, Martens & Sugarman, P.C.* (by *Mark H. Cousens*), for Michigan Federation of Teachers.

*Linda L. Bruin,* for Michigan Association of School Boards.

Before: GRIBBS, P.J., and BRONSON and SHEPHERD, JJ.

PER CURIAM. Petitioners-appellants appeal from the circuit court's decision denying appellant adult education instructors tenure under the teacher tenure act. MCL 38.71 *et seq.;* MSA 15.1971 *et seq.* We affirm.

## BACKGROUND

Appellant instructors filed a petition with the State Tenure Commission seeking tenure under the teacher tenure act. The petition alleged that they had taught in the Bay City Public Schools' adult education program during the 1976-1977 and 1977-1978 school years, the terms consisting of two 16-week semesters per year. The instructors' teaching assignments varied from 3 to 24 hours of instruction each week. The instructors alleged that they were all certificated teachers, teaching in positions which required teacher certification, and had thus gained tenure status as a matter of law. Appellee Bay City Board of Education admitted that the instructors were all certificated teachers within the meaning of the teacher tenure act, with the exception of instructor Kochany. However, the Bay City Board of Education denied that the instructors had completed a full probationary period.

The matter was submitted to the State Tenure Commission on the pleadings and briefs by stipulation. The issue before the commission was whether certified adult education instructors employed by a controlling board to teach 32 weeks a year in positions which requried less than full-time ser-

vices fulfilled the two-year probationary period required by the teacher tenure act. MCL 38.81; MSA 15.1981. In a 3-2 decision rendered on November 16, 1979, the commission first found that the certified instructors met the definition of "teacher" under the tenure act. MCL 38.71; MSA 15.1971. It found that they had been employed for a "full school year" and had been assigned to positions which required certification within the meaning of the Teacher Certification Code. Since the instructors' part-time employment each year constituted a "full school year", the majority found that the instructors had completed the two-year probationary requirement.

On December 5, 1979, the Bay City Board of Education filed a petition for review in the Bay County Circuit Court. The Michigan Association of School Boards was granted leave to appeal as amicus curiae. The Bay City Board of Education raised the question of whether or not appellant instructors were "certificated persons employed for a full school year" within the meaning of MCL 38.71; MSA 15.1971. On the instructors' motion to remand, the circuit court issued an order on July 27, 1981, remanding to the tenure commission to "allow the parties to make such record as the tenure commission deems necessary with respect to the issue whether certification is required by the Michigan Department of Education for Adult Education, High School Teachers".

On remand, in a decision rendered on August 2, 1981, the tenure commission reversed its November 16, 1979, decision and ordered that appellant instructors' petition for tenure be denied. Two members of the commission, with the third concurring separately, and two dissenting, found that certification is not required for adult education

instructors.[1] It based its decision on the statutory history of adult education programs and on the absence of any statute or regulation requiring certification for adult education instructors. The commission also concluded that since there were no provisions in the Teacher Certification Code for certifying adult education instructors, appellant instructors could not be "certificated persons" covered by the tenure act. See *Shaw v Macomb Community College,* 37 Mich App 96; 194 NW2d 558 (1971), *aff'd* 389 Mich 69; 204 NW2d 129 (1973).

On August 24, 1982, appellants filed a petition for review in the Ingham County Circuit Court, raising and briefing both the "full school year" and the "certification" issues. The court granted the State Board of Education's application to intervene in the case and allowed the Michigan Federation of Teachers to file an amicus curiae brief in support of the instructors' position. In its opinion of May 27, 1983, the circuit court affirmed the decision of the tenure commission denying adult education instructors tenure under the tenure act. The court agreed with the commission majority that adult education instructors were not required to be certified and that they could not be "certificated persons" covered by the tenure act. This issue being dispositive, the court did not reach the "full school year" issue.

Appellant instructors and intervenor State Board of Education both filed claims of appeal from the circuit court. The cases were consolidated on this Court's motion. Thereafter, the Michigan Federation of Teachers was granted leave to file

---

[1] The tenure commission and the parties agreed that, to acquire tenure as a teacher, an instructor must not only hold a certificate valid for the position to which he is assigned but must also be *required* to be certified for that position. See *Justian v Jackson Intermediate School District,* Op State Tenure Comm'n (Docket No. 76-48, dated November 25, 1977).

an amicus curiae brief. The federation represents 25,000 public employees, including a substantial number of adult education instructors. The federation argues for reversal. The Michigan Association of School Boards was also granted leave to file an amicus curiae brief. The association, whose membership includes 596 local and intermediate boards of education, argues for affirmance.

On appeal the parties again raise the "certification" and "full school year" issues. However, we do not decide the broader issue of "certification", which would include a determination of whether or not an adult education instructor *can* acquire tenure if employed for a full school year, but find more narrowly that the instructors in this particular case *did not* meet the "full school year" requirement and did not meet the definition of "teacher" and acquire tenure under the tenure act. Thus, we affirm the circuit court's denial of tenure to appellant adult education instructors, but base our decision on the "full school year" employment issue.

## DISCUSSION

To fall within the teacher tenure act, appellant adult education instructors must meet the tenure act's definition of "teacher". The tenure act defines a "teacher" as follows:

"The term 'teacher' as used in this act shall include all certificated persons *employed for a full school year* by any board of education or controlling board of any public educational institution." (Emphasis added.) MCL 38.71; MSA 15.1971.

Thus, to acquire tenure under the act, the adult education instructors must be employed for a "full school year".

A "school year" is defined by the tenure act as follows:

"The 'school year' shall be defined as the *legal school year* at the time and place where service was rendered." (Emphasis added.) MCL 38.75; MSA 15.1975.

The School Code of 1976 provides:

"The board of a school district shall determine the length of the school term. The minimum number of days of student instruction shall be 180. * * *" MCL 380.1284; MSA 15.41284.

Appellee Bay City Board of Education employed appellant adult education instructors during the 1976-1977 and 1977-1978 school years for two 16-week semesters per year. The teaching assignments varied from 3 to 24 hours of instruction per week. Appellant instructors contend that they met the "full school year" requirement since they provided instruction throughout the academic year as defined by the Bay City Board of Education, *i.e.*, 32 weeks per year. They argue that the two 16-week semester school year was the academic year at "the time and place where service was rendered". MCL 38.75; MSA 15.1975. They contend that the 180-day requirement of MCL 380.1284; MSA 15.41284 applies to days of student instruction, and not to the number of days of teaching or employment required for the acquisition of tenure. Appellants further urge the Court to follow the State Tenure Commission's determination that employment on a continuing, prearranged basis for an academic year whose length for adult education

is determined by the school board satisfies the "full school year" requirement. We disagree and find that a minimum of 180 days of employment constitutes employment for a "full [legal] school year" for tenure purposes.

Appellate decisions touching on the "full school year" language of the tenure act are few. This Court in *Davis v Harrison Community Schools Bd of Ed,* 126 Mich App 89; 342 NW2d 528 (1983), found that the 1967 amendment, 1967 PA 216, which added the "full school year" language to the tenure act's definition of "teacher", MCL 38.71; MSA 15.1971, "was intended to make clear that a teacher is required to serve two full school years of probation rather than portions of two separate school years". *Davis,* p 96. In *Davis,* the employee was a full-time teacher who began teaching after the start of the official school year, and the issue before the Court was when to begin computation of the probationary period. MCL 38.81; MSA 15.1981. In *Blurton v Bloomfield Hills Bd of Ed,* 60 Mich App 741; 231 NW2d 535 (1975), this Court found that the "full school year" requirement would be satisfied where an employee taught full-time for an entire school year, with only a *de minimus* deviation of three days. *Blurton,* p 744. In *Cadillac Area Public Schools Bd of Ed v Ward,* 134 Mich App 811; 351 NW2d 873 (1984), this Court found that a full-time employee teaching 146 days of the 183-day 1977-1978 school year, 129 days of the 1977-1978 school year, and the entire 1978-1979 school year of at least 180 days, had taught for the two school year probationary period. MCL 38.81; MSA 15.1981; *Cadillac Public Schools,* p 814. On these facts, the Court allowed her to "tack" her service periods to achieve the two-year period, but cautioned that more signifi-

cantly discontinuous or brief periods of service might not be subject to "tacking".[2] *Id.*

Although *Davis* and *Blurton, supra,* considered the "full school year" language of MCL 38.71; MSA 15.1971, and *Cadillac Public Schools, supra,* looked to the length of the school year when considering the two-year probationary period, none of these cases discussed the number of days required for a "full school year". In *Cadillac Public Schools,* however, the Court pointed out the 1976-1977 school year was *183 days* and that the teacher had "taught the entire 1978-1979 school year of *at least 180 days".* (Emphasis added.) 134 Mich App 814. Although not specifically addressing what constitutes a "full school year" under the tenure act, apparently the Court attached significance to the teaching of an entire 180-day period for tenure purposes.[3]

Even though the above cited cases did not expressly decide the issue of what time period constitutes a "full school year", our examination of the teacher tenure act convinces us that the "full school year" consists of a minimum of 180 days. Although, as pointed out by appellants, MCL 380.1284; MSA 15.41284 refers to 180 days of student instruction, not the number of teaching days or employment term length of an instructor,

[2] Appellant instructors do not argue that their deviation from the 180-day requirement was *de minimus* as in *Davis, supra.* Nor do they argue that their periods of employment be "tacked" to meet a "full school year" of employment similar to the Court's action in *Cadillac Public Schools, supra,* where it "tacked" teaching days of less than 180 days to meet the two-year probationary period.

[3] Although *Blurton* and *Cadillac Public Schools, supra,* looked to the number of *teaching days* of full-time teachers, the tenure act's definition of "teacher" is phrased in terms of *employment* for a "full school year". These different foci can create problems for tenure seekers who are employed for an entire school year but do not teach daily or teach less than a full load. In the case at bar, however, appellant instructors were neither employed nor did they teach for 180 days, so they do not pose such a problem.

the tenure act defines the school year in terms of the *"legal* school year". MCL 38.75; MSA 15.1975. (Emphasis added.) By statute, a school term requires a minimum of 180 days of student instruction. MCL 380.1284; MSA 15.41284.[4]

Appellant instructors also point out that the tenure act "school year" is the "legal school year *at the time and place where service was ren-*

[4] Appellants also rely on *Hughes v Bullock Creek School District,* Op State Tenure Comm'n (Docket No. 72-9, dated November 1, 1972), for their argument that they need not teach full-time for a 180-day school year. In *Hughes,* a certificated person teaching one-half the full-time normal load was granted full-time tenure. The commission noted that the instructor was regularly employed for a specific number of days per month, that a controlling board could determine or change the length of the work day, and that nothing in the tenure act required that a teacher teach every day or every hour of the day taught. However, in *Hughes,* the instructor taught "one-half the normal load *each day"* and the commission specified that she "taught for two years for *180 or more days* each year". *Hughes, supra,* p 2 (emphasis added). Thus, in *Hughes,* the instructor both taught and was employed for at least 180 days, even though she taught part-time. In contrast, appellant instructors in the instant case neither taught nor were employed for the 180-day school year. Moreover, since they did not teach nor were employed for this minimum, we do not even need to reach the question of whether part-time or nondaily teaching over a period of 180 days constitutes a full school year of employment.

Appellees argue, in the alternative, that even if the 180-day minimum of MCL 380.1284; MSA 15.41284 is not applicable to the tenure act, the Teacher Certification Code provides a 150-day teacher day minimum. The Teacher Certification Code enacted by the State Board of Education provides in part:

"The determination of 3 years of successful teaching specified in these rules shall be according to the following:

\* \* \*

"(c) A year of employment is a minimum of 150 teaching days and may be either an academic or a calendar year, but not more than 1 year of employment can be earned during a calendar year.

"(d) A day of employment is 1/2 or more of a teaching day, but not more than 1 day of employment can be earned during a calendar day." 1979 AC, R 390.1103.

Thus, for purposes of teacher certification, a year of employment is a minimum of 150 *teaching* days. However, even if 150 half-day teaching days (instead of 180 days of employment) was the minimal requirement for a "full school year" of employment for tenure purposes, appellant instructors in this case did not teach at least half-time for 150 days or more.

*dered".* (Emphasis added.) MCL 38.75; MSA 15.1975. Thus, they argue, under this additional time and place language, the school year set for adult education instructors in Bay City schools consisted of 32 weeks. We disagree.

The School Code of 1976 provides that the length of the school term is set by the board of a school district. MCL 380.1284; MSA 15.41284. Nothing in that provision prevents different school districts from setting school years for periods longer than 180 days, but a school term by law must be at least 180 days. MCL 380.1284; MSA 15.41284. Thus, the additional language in the tenure act defining a legal school year as the one at the "time and place where service was rendered" could be construed as defining a school year for purposes of tenure as the legal year set by the school district, which could be 180 days *or more.* The tenure act requirement that a certificated person be employed for a full legal school year at the time and place service was rendered (MCL 38.71, 38.75; MSA 15.1971, 15.1975) could be read as requiring employment for over 180 days if the school year is set for a longer period in the district where the person is employed. MCL 38.1284; MSA 15.41284. However, we need not decide whether employment for a "full school year" for tenure purposes must be for more than 180 days when a longer school year is set in the district. Minimally, those seeking tenure must be employed for a school year of at least 180 days, and the adult education instructors in this case were not employed for this minimum period.

Since the adult education instructors did not meet the "full school year" criteria and are thus not "teachers" within the meaning of the tenure

act, they cannot acquire tenure under the teacher tenure act. Finding this issue dispositive, we do not address the "certification" issue.

Affirmed.