BREUHAN v PLYMOUTH-CANTON COMMUNITY SCHOOLS

Docket No. 75231. Argued January 16, 1986 (Calendar No. 18).
    Decided June 27, 1986.

Glenn Breuhan, a probationary teacher employed by the Ply-
    mouth-Canton Community Schools, filed a petition in the Ing-
    ham Circuit Court, seeking review of a decision by the State
    Tenure Commission that he was not a tenured teacher within
    the meaning of the teacher tenure act because he had not
    completed the requisite two full years of probationary employ-
    ment at the time he was laid off for economic reasons. Breuhan
    was employed 180 of 187 days during his first year of probation-
    ary teaching, and a full 187 days during the second. The court,
    James R. Giddings, J., reversed, finding that the plaintiff had
    achieved tenure status. The Court of Appeals, BEASLEY, J.
    (KIRWAN, J., concurring) (MACKENZIE, P.J., dissenting), af-
    firmed, holding that a teacher who has not been given written
    notice of unsatisfactory teaching performance at least sixty
    days before the close of each school year acquires tenure upon
    substantial compliance with the two-year probationary period
    requirement (Docket No. 75055). The district appeals.

    In an opinion by Justice RILEY, joined by Chief Justice
    WILLIAMS and Justices BRICKLEY, CAVANAGH, and BOYLE, the
    Supreme Court held:

    The anniversary date method for computing the two-year
    probationary requirement for acquiring tenure under the
    teacher tenure act provides a workable method of computation
    which can be easily applied with fairly predictable results.

    1. The teacher tenure act provides that all teachers are
    deemed to be in a period of probation during the first two years
    of employment. The State Tenure Commission, in computing
    the requisite probationary period, begins calculation with the
    initial date of employment and continues through two years,

REFERENCES

Am Jur 2d, Schools §§ 149 et seq.

Who is "teacher" for purposes of tenure statute. 94 ALR3d 141.

Construction and effect of tenure provisions of contract or statute
    governing employment of faculty member by college or univer-
    sity. 66 ALR3d 1018.

reckoning completion on the second anniversary of the date of employment. The construction placed upon a statute by the agency chosen to enforce it is given great deference. A teacher hired for a portion of one school year who is rehired for a second year is barred from claiming completion of the probationary period and tenure status, regardless of the amount of time served. A probationary teacher must serve two complete calendar years with a district to achieve tenure.

2. In this case, the period of time between the plaintiff's initial date of employment and his last day of work was less than the requisite two years of probationary employment when calculated by the anniversary date method. In the absence of convincing evidence to the contrary, the interpretation and application of the act was correct.

Reversed.

Justice LEVIN, joined by Justice ARCHER, stated that a rule providing that a probationary teacher for grades kindergarten through twelve shall be deemed to have completed a full school year if the teacher has worked for 180 days or more before the commencement, in the fall, of the next school year, would provide a workable method of computation which can be easily applied and which will have fairly predictable results, and would also be consistent with *Aljuni v West Bloomfield Bd of Ed,* 397 Mich 462 (1976), assimilating time limits in the School Code in establishing the school year for the purposes of the teacher tenure act.

In this case, in the first school year of his employment with the school board, the plaintiff worked for exactly 180 days before the commencement, in the fall, of the next school year, and thereupon completed his first full school year. Since he did not receive a written statement that his work was unsatisfactory upon completion of the second full school year, he acquired tenure.

137 Mich App 813; 359 NW2d 566 (1984) reversed.

## OPINION OF THE COURT

1. SCHOOLS — PROBATIONARY TEACHERS — TENURE.

The requisite two-year probationary teaching period for acquiring tenure under the teacher tenure act is calculated beginning on the initial date of employment and continuing through two years to the second anniversary of the date of employment; a probationary teacher must serve two complete calendar years with a district to achieve tenure, and a teacher hired for a portion of one school year who is rehired for a second year is barred from claiming completion of the probationary period

and tenure status, regardless of the amount of time served (MCL 38.81; MSA 15.1981).

SEPARATE OPINION BY LEVIN, J.

2. SCHOOLS — PROBATIONARY TEACHERS — TENURE.

*A rule providing that a probationary teacher for grades kindergarten through twelve shall be deemed to have completed a full school year if the teacher has worked for 180 days or more before the commencement, in the fall, of the next school year, would provide a workable method of computation which could be easily applied, would have fairly predictable results, and would be consistent with case law assimilating time limits in the School Code in establishing the school year for the purposes of the teacher tenure act (MCL 38.81; MSA 15.1981).*

*Levin, Levin, Garvett & Dill* (by *Harvey I. Wax* and *Glen M. Bis*) for the plaintiff.

*Clark, Hardy, Lewis, Pollard & Page, P.C.* (by *Richard E. Kroopnick*), for the defendant.

Amicus Curiae:

*Linda L. Bruin* for Michigan Association of School Boards.

RILEY, J. This case concerns computation of the two-year probationary requirement for acquiring tenure under the teacher tenure act. MCL 38.81; MSA 15.1981. We are asked by defendant school district to use the "anniversary date" method long used by the State Tenure Commission. Plaintiff, on the other hand, urges that we adopt the "substantial compliance" approach approved by a majority of the Court of Appeals panel in this case. *Breuhan v Plymouth-Canton Community Schools,* 137 Mich App 813; 359 NW2d 566 (1984). We agree with the dissenting member of the panel that the "anniversary date" rule provides a "workable method of computation which can be easily applied and which will have fairly predictable re-

sults." *Breuhan, supra,* 820 (MACKENZIE, J., dissenting). Thus, we reverse the decision of the Court of Appeals and reinstate the decision of the State Tenure Commission.

I

Plaintiff began employment with defendant school district on October 3, 1979, some three and one-half weeks into the school year. His contract called for 170 days of service rather than the 187 days required of the district's other teachers. Additionally, plaintiff entered into a supplemental contract in November, 1979, which allowed him to teach ten more days during the 1979-80 school year as part of the district's extended school year program. Therefore, he worked a total of 180 days that year. Plaintiff was employed a full 187 days in the 1980-81 school year.

On April 22, 1981, plaintiff was notified that he would be laid off at the close of the 1980-81 school year for economic reasons. Plaintiff's last day of work was August 26, 1981.

In September, 1981, plaintiff petitioned the State Tenure Commission, alleging that he had achieved tenure status on August 26, 1981. Applying the "anniversary date" rule, the commission found that plaintiff remained a probationary teacher, not having completed the two full school years of his probationary period, and denied the petition.[1]

Plaintiff sought review in the Ingham Circuit Court, which reversed the commission's decision, concluding that plaintiff had acquired tenure status.

Defendant then appealed to the Court of Ap-

[1] Since Breuhan "began his employment on October 3, 1979, he could not complete his first full year until October 2, 1980, and his second full year until October 2, 1981."

peals. In a split decision, that Court affirmed the decision of the circuit court.

This Court granted defendant's application for leave to appeal. 422 Mich 937 (1985).

II

The teacher tenure act provides that "[a]ll teachers during the first 2 school years of employment shall be deemed to be in a period of probation . . . ." MCL 38.81; MSA 15.1981.[2]

In computing the probationary period, the commission has, since 1950, used the "anniversary date" method:

> [W]e have held that the probationary period begins with the initial date of employment and continues for two years; it is completed on the second anniversary of the date of employment.
>
> * * *
>
> [A] teacher hired for a portion of one school year and then rehired for a second year is barred from claiming the probationary period as completed and tenure status achieved by employment in two separate school years, regardless of the amount of time served. The amendatory language clearly establishes a probationary teacher must serve two complete calendar years with the district to gain tenure. [*Davis v Harrison Community Schools Bd of Ed,* State Tenure Comm, Docket No. 79-56.]

This Court has repeatedly given great deference to the construction placed upon a statute by the

---

[2] The act defines "teacher" as

all certificated persons *employed for a full school year* by a board of education. [Emphasis added. MCL 38.71; MSA 15.1971.]

A "school year" is "the legal school year at the time and place where service was rendered." MCL 38.75; MSA 15.1975.

agency legislatively chosen to enforce it. *Magreta v Ambassador Steel Co,* 380 Mich 513, 519; 158 NW2d 473 (1968).

In the absence of any convincing evidence to the contrary, we agree with the dissent in the Court of Appeals and find that the interpretation and application of MCL 38.81; MSA 15.1981 by the State Tenure Commission is correct.[3]

Reversed.

WILLIAMS, C.J., and BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred with RILEY, J.

LEVIN, J. The question presented is whether Glenn Breuhan completed the two school years of probationary employment requisite to becoming a tenured teacher. We would hold that he did, and affirm the decision of the Court of Appeals.

I

The teacher tenure act provides that "[a]ll teach-

[3] We are not persuaded that sufficient reasons exist in the instant case which would justify discarding the commission's approach in favor of those proposed by either our colleague or the Court of Appeals majority.

We agree with dissenting Judge MACKENZIE that *Blurton v Bloomfield Hills Bd of Ed,* 60 Mich App 741; 231 NW2d 535 (1975), is not inconsistent with the "anniversary date" rule because, in that case, the teacher had, in fact, reached the completion of her second anniversary. The issue was whether the probationary period was complete despite a mid-period hiatus of a few days.

The "substantial compliance" test has the disadvantage inherent in any subjective test; i.e., case-by-case review with no real advance guidance will be necessary. We believe both school boards and teachers themselves are better served by an objective rule with predictable results.

The "180-day" rule, see *Kellerman v Bay City Bd of Ed,* 141 Mich App 276; 367 NW2d 371 (1985), suggested by our colleague is admittedly more easily applied and predictable than the "substantial compliance" method. However, we are persuaded that the "anniversary date" rule is preferable because it neither benefits nor penalizes teachers employed after the school year has begun. Rather, they must simply serve the same probationary period as other teachers in the district.

ers during the first 2 school years of employment shall be deemed to be in a period of probation . . . ."[1] A school board is required to provide a probationary teacher with a written statement at least sixty days before the close of "each school year" whether or not his work has been satisfactory; unless the written statement is timely provided, the teacher's work is conclusively deemed to be satisfactory.[2] A probationary teacher who does not receive a written statement that his work is unsatisfactory by April of the second year will ordinarily become tenured upon the conclusion of the second year.[3]

Breuhan was hired on October 3, 1979, 3½ weeks after the beginning of the school year. He worked the remaining 170 days of the regular school year and an additional ten days during the school district's extended school year program, for a total of 180 days. The regular contractual year for teachers in the school district was 187 days. Breuhan was employed a full 187 days in the second school year.

Breuhan was notified on April 22, 1981, that he would be laid off at the close of the second school year for economic reasons. He had not received a written statement that his work was unsatisfactory. He worked through August 26, 1981, the last day of the school year, and was not recalled in the fall.

The teacher tenure commission ruled that Breuhan had not acquired tenure. It said that it had "consistently held that teachers who do not begin their employment at the beginning of the school year do not complete a full school year until the

[1] MCL 38.81; MSA 15.1981.

[2] MCL 38.83; MSA 15.1983.

[3] See *Munro v Elk Rapids Schools (On Rehearing)*, 385 Mich 618; 189 NW2d 224 (1971); *Weckerly v Mona Shores Bd of Ed*, 388 Mich 731; 202 NW2d 777 (1972).

anniversary date of their employment."[4] Since Breuhan "began his employment on October 3, 1979, he could not complete his first full year until October 2, 1980, and his second full year until October 2, 1981."

The circuit court reversed and held that Breuhan had acquired tenure on August 26, 1981. The Court of Appeals affirmed, stating that a school teacher who has not been given notice that his work is unsatisfactory, acquires tenure upon "substantial compliance" with the two-year probationary period requirement. It reasoned that "[i]f the period of time the teacher has taught is sufficient for the school district to determine the competence of the teacher, the purpose of the two full school years provision is then met." The Court of Appeals concluded that the school district "had adequate time to evaluate Breuhan's teaching performance, and, thus, Breuhan completed the probationary period on August 26, 1981, his last day of teaching under the contract."[5]

One of the members of the Court of Appeals panel dissented, noting that the teacher tenure commission had adhered to the anniversary date method for a number of years and said: "Clearly, there is a need for a workable method of computation which can be easily applied and which will have fairly predictable results. I believe the anniversary-date method better satisfies this need than does the 'substantial compliance' approach adopted by the majority."[6]

## II

We agree that there is a need for a workable

---

[4] See *Davis v Harrison Bd of Ed,* 126 Mich App 89, 94; 342 NW2d 528 (1983).

[5] *Breuhan v Plymouth-Canton Community Schools,* 137 Mich App 813, 819-820; 359 NW2d 566 (1984).

[6] *Breuhan, supra,* p 820.

method of computation that can be easily applied and will have fairly predictable results, and that the anniversary date method long followed by the teacher tenure commission satisfies that need better than the "substantial compliance" approach adopted by the majority of the Court of Appeals.

We are of the opinion, however, that the Court of Appeals correctly concluded that some flexibility is warranted, as in *Blurton v Bloomfield Hills Bd of Ed,* 60 Mich App 741; 231 NW2d 535 (1975), where the probationary teacher had worked as a permanent substitute for the entire fall semester of the school year and then began working as a regular teacher several days after the start of the second semester, and the Court of Appeals found that the teacher had worked for a full school year despite the few days' hiatus in employment.

In *Aljuni v West Bloomfield Bd of Ed,* 397 Mich 462; 245 NW2d 49 (1976), this Court considered the meaning of the term "school year" for the purposes of the teacher tenure act. The act provides that "[t]he 'school year' shall be defined as the legal school year at the time and place where service was rendered."[7] In *Aljuni* this Court held as a matter of law that June 30 was the last day of the school year. The Court reasoned that providing an unvarying definite date unrelated to the school year of a particular school district "has the salutary effect of providing certainty to all parties every year of the date by which [the sixty days] notice must be given."[8]

In arriving at the June 30 date, the Court relied on a provision of the School Code, stating that the school year of all districts shall commence on the

---

[7] MCL 38.75; MSA 15.1975.

[8] *Aljuni, supra,* p 465.

first day of July.[9] The School Code provides that the minimum number of days of student instruction shall not be less than 180 days.[10]

A rule providing that a probationary teacher for grades kindergarten through twelve shall be deemed to have completed a full school year if the teacher has worked for 180 days or more[11] before the commencement in the fall of the next school year, would provide a "workable method of computation which can be easily applied and which will have fairly predictable results" and would also be consistent with this Court's decision in *Aljuni,* assimilating time limits in the School Code in establishing the school year for the purposes of the teacher tenure act.

In the first school year of his employment with the school board, Breuhan worked for exactly 180 days before the commencement in the fall of the next school year, and thereupon completed his first full school year. Since he did not receive a written statement that his work was unsatisfactory upon completion of the second full school year, he acquired tenure.

We would affirm the Court of Appeals.

ARCHER, J., concurred with LEVIN, J.

[9] 1970 CL 340.353.

[10] 1970 CL 340.575, now MCL 380.1284; MSA 15.41284.

[11] Cf. *Kellerman v Bay City Bd of Ed,* 141 Mich App 276; 367 NW2d 371 (1985). But see n 4 of that opinion.