CANTU v BOARD OF EDUCATION OF THE GRAND RAPIDS
PUBLIC SCHOOLS

Docket No. 117635. Submitted May 16, 1990, at Lansing. Decided
    September 7, 1990; approved for publication November 2, 1990,
    at 9:00 A.M.

    Maria Cantu, a public school teacher, was discharged by the
    Grand Rapids Board of Education because of incompetency. She
    appealed to the State Tenure Commission, which ruled that it
    lacked jurisdiction to review her discharge because she did not
    have a teaching certificate at the time of her discharge or at
    the time she sought review by the commission. The Ingham
    Circuit Court, James T. Kallman, J., affirmed on appeal. Cantu
    appealed to the Court of Appeals.

    The Court of Appeals *held:*

    The State Tenure Commission is empowered under the
    teacher tenure act, MCL 38.71 *et seq.*; MSA 15.1971 *et seq.*, to
    review the discharge of a public school teacher by a local board
    of education only where the discharge involves a teacher who
    has continuing tenure.

    In this case, the commission's finding that the petitioner was
    not certified at the time of her discharge or at the time she
    appealed to the commission was supported by competent, mate-
    rial, and substantial evidence on the whole record, and the
    petition for review was properly dismissed.

    Affirmed.

SCHOOLS — STATE TENURE COMMISSION — TEACHER TENURE ACT —
    DISCHARGE OF TEACHERS.

    The State Tenure Commission is empowered under the teacher
    tenure act to review the discharge of a public school teacher by
    a local board of education only where the discharge involves a
    teacher who has continuing tenure (MCL 38.71, 38.101, 38.121;
    MSA 15.1971, 15.2001, 15.2021).

*White, Beekman, Przybylowicz, Schneider &*

REFERENCES
Am Jur 2d, Schools §§ 162, 202-204.
See the Index to Annotations under Teachers and Instructors;
    Tenure.

*Baird, P.C.* (by *Sharon L. LaPointe*), for Maria Cantu.

*Miller, Johnson, Snell & Cummiskey* (by *Barbara A. Ruga*), for Board of Education of the Grand Rapids Public Schools.

Before: SULLIVAN, P.J., and WAHLS and JANSEN, JJ.

PER CURIAM. Petitioner appeals as of right from a May 2, 1989, Ingham Circuit Court opinion and order affirming a State Tenure Commission decision that the commission did not have jurisdiction to review petitioner's discharge because she did not have a teaching certificate at the time of her discharge or at the time she filed her petition with the tenure commission. MCL 38.71; MSA 15.1971; MCL 38.101; MSA 15.2001; MCL 38.121; MSA 2021. We affirm.

Petitioner was a tenured teacher with the Grand Rapids public schools for the 1986-87 school year. She had a provisional teaching certificate which expired June 30, 1987. Petitioner enrolled in a Grand Valley State University class in January 1987 to renew her certificate but in February 1987 she injured her knee at work and could not complete the course. Petitioner claimed that someone at the Michigan Department of Education told her that she could obtain an extension of her provisional certification when she returned to work. However, she never supported that claim, and, further, it is clear that the superintendent of personnel at the Grand Rapids public schools told her on December 22, 1986, and on March 10, 1987, to apply for conversion of her provisional certificate into a continuing certificate. Petitioner also claimed that she completed the required courses

for a continuing certificate prior to June 30, 1987. However, she never supported that claim.

On April 6, 1987, while petitioner was still certified, the principal of the school where she taught filed charges of incompetency against her with the board of education. A private tenure hearing was held on the charges in the summer of 1987 pursuant to the teacher tenure act, MCL 38.71 *et seq.*; MSA 15.1971 *et seq.* On August 24, 1987, after petitioner's certification had expired, the board voted unanimously to discharge her on the basis of incompetency.

MCL 38.71; MSA 15.1971 provides in part:

> The term "teacher" as used in this act shall include all *certificated* persons employed for a full school year by any board of education. [Emphasis added.]

MCL 38.101; MSA 15.2001 provides in part:

> Discharge or demotion of a *teacher* on continuing tenure may be made only for reasonable and just cause, and only after such charges, notice, hearing, and determination thereof, as are hereinafter provided. [Emphasis added.]

MCL 38.121; MSA 15.2021 provides in part:

> A *teacher* who has achieved tenure status may appeal any decision of a controlling board under this act . . . to [the] state tenure commission. [Emphasis added.]

These statutes vest jurisdiction in the commission and require it to review a board's decision to discharge when the case involves a teacher on continuing tenure. See *Lipka v Brown City Community Schools (On Rehearing),* 403 Mich 554; 271 NW2d 771 (1978). It follows that the commission

also has jurisdiction to determine issues related to whether it has jurisdiction to review a discharge, including whether a person is a teacher on continuing tenure. Cf. *Lipka, supra,* p 560; *Breuhan v Plymouth-Canton Community Schools,* 425 Mich 278, 282-283; 389 NW2d 85 (1986). In this case, the commission determined that it did not have jurisdiction to review petitioner's discharge because she was not certified and, therefore, was not a teacher on continuing tenure as defined by the act at the time she was discharged or at the time she filed her petition with the commission. We agree.

This Court gives great deference to the construction placed on a statute by the agency legislatively chosen to enforce it. *Breuhan, supra,* pp 282-283. The commission's construction of § 71 that a person who is not certified is not a teacher under the act is reasonable. We note that the School Code, MCL 380.1 *et seq.*; MSA 15.4001 *et seq.*, provides that, generally, a school district may not permit someone to teach who does not hold a valid teaching certificate. MCL 380.1233; MSA 15.41233. Moreover, this Court has held that the act applies "so long as the position for which the teacher is hired requires certification." *Imbrunone v Inkster Public Schools,* 161 Mich App 132, 136; 410 NW2d 300 (1987).

The commission's finding that petitioner was not certified was supported by competent, material, and substantial evidence on the whole record. See *Imbrunone, supra,* p 134. Petitioner did not present any competent evidence to the contrary. We also agree with the commission and the circuit court that petitioner was not entitled to the protection of MCL 380.1535; MSA 15.41535, because her certification was not delayed by the board of education. Therefore, we conclude that the commission properly dismissed her petition.

Affirmed.