KENTWOOD PUBLIC SCHOOLS v KENT COUNTY EDUCATION
ASSOCIATION

Docket No. 149882. Submitted November 4, 1994, at Grand Rapids.
Decided July 5, 1994, at 9:50 A.M. Leave to appeal sought.

The Kentwood Public Schools brought an action in the Kent
Circuit Court against the Kent County Education Association,
seeking to enjoin the arbitration of a grievance filed by the
defendant on behalf of a probationary teacher whose contract
was not renewed by the plaintiff. The plaintiff alleged that the
grievance was not subject to arbitration under the terms of the
collective bargaining agreement between the defendant and the
Kentwood Board of Education. The court, George S. Buth, J.,
granted summary disposition for the plaintiff and enjoined the
arbitration. The defendant appealed.

The Court of Appeals *held:*

The trial court erred in determining that the grievance was
not subject to arbitration under the collective bargaining agree-
ment.

1. The probationary teacher did not acquire tenure and,
therefore, cannot seek a remedy under the teacher tenure act,
MCL 38.81 *et seq.*; MSA 15.1981 *et seq.* Therefore, the teacher's
claim is not exempted by the collective bargaining agreement
because there is not "another remedial procedure or forum
established by law" under which the teacher may seek a
remedy.

2. There is no express provision in the collective bargaining
agreement excluding a nonprobationary dismissal grievance
from arbitration, nor is there forceful evidence of a purpose to
exclude the issue of a probationary teacher's dismissal.

3. The defendant's claim that the dismissal violated certain
articles of the collective bargaining agreement is governed by
the agreement.

4. The order granting summary disposition and enjoining

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 1856, 1862; Schools § 137.
Matters arbitrable under arbitration provisions of collective labor
contract. 24 ALR2d 752.
Bargainable or negotiable issues in state public employment labor
relations. 84 ALR3d 242.

arbitration must be vacated. The defendant may submit the claim to arbitration.

Reversed. Order vacated.

P.J. CONLIN, J., dissenting, stated that the decision to enjoin the arbitration was not erroneous because the grievance was not subject to arbitration under the terms of the collective bargaining agreement. Nonrenewal of probationary teachers is subject to the procedures specified in the teacher tenure act. The collective bargaining agreement contains forceful evidence of a purpose to exclude the issue of nonrenewal of probationary teachers from arbitration. The defendant did not make any claim that on its face is governed by the collective bargaining agreement.

1. LABOR RELATIONS — COLLECTIVE BARGAINING AGREEMENTS — DISPUTES — ARBITRATION — QUESTIONS OF LAW.

Whether a dispute is arbitrable under a collective bargaining agreement is a question for the court, but the inquiry is confined to ascertaining whether the party seeking arbitration is making a claim that on its face is governed by the agreement; whether the moving party is right or wrong is a question of contract interpretation for the arbitrator; doubts about the arbitrability of an issue should be resolved in favor of arbitration.

2. LABOR RELATIONS — COLLECTIVE BARGAINING AGREEMENTS — DISPUTES — ARBITRATION.

Absent an express provision in a collective bargaining agreement excluding a particular grievance from arbitration under the arbitration clause, or the most forceful evidence of a purpose to exclude such a claim, the matter should go to arbitration.

3. SCHOOLS — TEACHER TENURE ACT — PROBATIONARY TEACHERS.

A probationary teacher who does not complete a two-year probationary period and therefore does not acquire tenure may not seek a remedy under the teacher tenure act (MCL 38.91, 38.101, 38.121; MSA 15.1991, 15.2001, 15.2021).

*Varnum, Riddering, Schmidt & Howlett* (by *John Patrick White*), for the plaintiff.

*White, Beekman, Przybylowicz, Schneider & Baird, P.C.* (by *James A. White* and *Kathryn A. VanDagens*), for the defendant.

Before: Jansen, P.J., and Fitzgerald and P. J. Conlin,* JJ.

Jansen, P.J. Defendant Kent County Education Association appeals as of right from a February 14, 1992, order of the Kent Circuit Court granting plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10). We reverse.

This case arises out of the trial court's order enjoining arbitration of a grievance proceeding between plaintiff and defendant. Rebecca Wingeier was a probationary teacher under a contract with the Kentwood Public Schools for the 1991-92 school year. On March 19, 1991, the school board notified her pursuant to the teacher tenure act, MCL 38.81-38.83; MSA 15.1981-15.1983, that the contract would not be renewed because of unsatisfactory service. Defendant then filed a grievance on her behalf under the collective bargaining agreement between it and the Kentwood Board of Education. Specifically, defendant alleged: (1) it did not approve an appointment to the faculty tenure advisory committee, which reviews the performance of probationary teachers, in violation of article 10(A)(1)(b)(3) of the bargaining agreement; (2) Wingeier's nonrenewal breached article 10(B)(2) of the bargaining agreement that no teacher shall be disciplined without just cause; and (3) Wingeier was given only a one-week notice regarding her performance in violation of article 11(C)(3). The school board denied the grievance.

Defendant then filed a demand for arbitration. However, the school district filed a complaint in the circuit court, seeking to enjoin the arbitration on the basis that the grievance was not subject to arbitration under the terms of the bargaining agreement. The trial court agreed and enjoined

* Circuit judge, sitting on the Court of Appeals by assignment.

the arbitration. Defendant contends on appeal that the grievance was subject to arbitration under the bargaining agreement. We agree with defendant.

Appellate review of a motion for summary disposition is de novo because this Court must review the record to determine if the moving party is entitled to judgment as a matter of law. *Adkins v Thomas Solvent Co,* 440 Mich 293, 302; 487 NW2d 715 (1992); *Coleman-Nichols v Tixon Corp,* 203 Mich App 645, 650; 513 NW2d 441 (1994). A motion under MCR 2.116(C)(10) tests the factual basis underlying a plaintiff's claim. MCR 2.116(C)(10) permits summary disposition when, except with regard to the amount of damages, there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A court reviewing such a motion must consider the affidavits, depositions, admissions, pleadings, and any other evidence in favor of the party opposing the motion and grant the benefit of any reasonable doubt to the opposing party. *Radtke v Everett,* 442 Mich 368, 374; 501 NW2d 155 (1993).

The question whether a dispute is arbitrable is for the court's determination. *Kaleva-Norman-Dickson School Dist No 6 v Kaleva-Norman-Dickson School Teachers' Ass'n,* 393 Mich 583, 591; 227 NW2d 500 (1975). The court's inquiry " 'is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator.' " *Id.,* quoting *United Steelworkers of America v American Mfg Co,* 363 US 564, 568; 80 S Ct 1343; 4 L Ed 2d 1403 (1960). Absent an express provision excluding a particular grievance from arbitration, or the most forceful evidence of a purpose to exclude the claim, the

matter should go to arbitration. *Kaleva, supra,* p 592.

The relevant provisions of the collective bargaining agreement provide:

### ARTICLE 2

#### BOARD RIGHTS

A. The Board, on its own behalf on behalf of the electors of the district, hereby retains and reserves unto itself, without limitation, all powers, rights, authority, duties, and responsibilities conferred upon and vested in it by the laws and the Constitution of the State of Michigan, and of the United States including, and without limiting the generality of the foregoing, the right:

* * *

2. To hire all employees, and subject to the provisions of law, to determine their qualification and the conditions for their continued employment, or their dismissal, or demotion; and to promote, and transfer all such employees;

* * *

### ARTICLE 10

#### CONTRACTUAL RELATIONS

A - TENURE COMMITTEE

1. All probationary teachers eligible for tenure with initial employment dates as of the first day of school in September shall have their performance records (formal observations and evaluation) reviewed by a faculty tenure advisory screening committee and results made known to the probationary teacher prior to March 1. Those probationary teachers whose initial employment date other than the first day of September shall have their performance records (defined above) reviewed and the results made known to the teacher at least 90 days prior to the completion of the probationary period.

a. The committee shall have the responsibility of recommending either dismissal proceedings, third year probationary status, or tenure to the princi-

pal who in turn shall recommend to the Superintendent of Schools.

b. The committee shall consist of the cognizant principal as the non-voting chairperson, one teacher with a comparable assignment, one teacher from the same building, and one teacher-at-large.

(1) The building Association representatives shall appoint the teacher-at-large.

(2) The chairperson shall appoint all other members and convene the committee.

(3) If a teacher with a comparable assignment is not assigned to the building, the chairperson shall appoint this member of the tenure committee; this appointment shall be approved by the building Association representative.

(4) The Tenure Committee shall be appointed and notified of their responsibilities within two weeks after the start of school or within two weeks of the date of hire of the individual concerned.

c. The approval or disapproval of the recommendation of the tenure committee by the Superintendent of Schools shall be final, subject only to the review and final action of the Board of Education.

\* \* \*

B - DISMISSALS

1. All dismissals shall be handled in accordance with the Michigan Tenure Act as amended.

2. No teacher shall be disciplined, reprimanded, reduced in rank or compensation without just cause.

\* \* \*

### ARTICLE 11

#### TEACHER EVALUATION

C - OBSERVATIONS

1. There shall be at least one extended evaluative observation of classroom teaching for 30 consecutive minutes.

2. All monitoring or observation of the work performance of a teacher shall be conducted openly and with full knowledge of the teacher.

3. When improvement is needed the principal shall provide suggestions for improvement with a copy to the teacher.

### ARTICLE 13

#### GRIEVANCE PROCEDURE AND ARBITRATION

A - GRIEVANCE DEFINITION

1. A grievance shall be defined as a complaint of an alleged violation, misinterpretation, or misapplication of provisions of the Master Agreement, Board Policy, or Administrative and Building Regulations as described in sections 2, 3, and 4 of this article.

2. Class I - Grievance - Master Agreement - Any teacher or group of teachers believing that there has been a violation, misinterpretation, or misapplication of any provision of this Agreement may process the complaint of the alleged violation through Step 5.

\* \* \*

B - GRIEVANCE STEPS

\* \* \*

Step 5. (Arbitration)

a. If a satisfactory disposition of the grievance is not made as a result of the meeting provided for in Step 4, the Association shall have the right to appeal the dispute to an impartial arbitrator who may be selected in accordance with the rules of the American Arbitration Association.

\* \* \*

G - POWERS OF THE ARBITRATOR

It shall be the function of the arbitrator, and he shall be empowered, except as his powers are limited below, after due investigation, to make a decision in cases of alleged violation of the specific articles and sections of this Agreement.

1. He shall have no power to add to, subtract from, disregard, alter, or modify any of the terms of this Agreement.

2. He shall have no power to rule on any claim or complaint for which there is another remedial procedure or forum established by law or by regu-

lation having the force of law, including any mat-
ter subject to the procedures specified in the
Teacher's Tenure Act [Act IV Public Acts (extra
session), of 1937 of Michigan, as amended.].

Plaintiff argues that the teacher tenure act in-
cludes probationary teachers and that the dis-
missal of probationary teachers is regulated by
that act. The applicable provisions of the teacher
tenure act provide (1) that all teachers are proba-
tionary teachers during their first two years of
teaching, MCL 38.81; MSA 15.1981; (2) that no
teacher shall be required to serve more than one
probationary period in any one school district or
institution, although a third year of probation may
be granted in certain circumstances, MCL 38.82;
MSA 15.1982; and (3) that at least sixty days
before the close of the school year the board shall
provide the probationary teacher with a statement
indicating whether the teacher's work is satisfac-
tory and that any probationary teacher not noti-
fied in writing within at least sixty days before the
close of the school year shall be employed for the
ensuing year, MCL 38.83; MSA 15.1983.

There is no dispute that Wingeier did not com-
plete a two-year probationary period and therefore
did not acquire tenure. MCL 38.91; MSA 15.1991.
In *Cantu v Grand Rapids Public Schools Bd of Ed,*
186 Mich App 488, 491; 464 NW2d 900 (1990), this
Court held that an uncertified teacher does not fall
under the provisions of the teacher tenure act and
therefore could not seek a remedy under the act.
Similarly, Wingeier, as a probationary teacher is
not tenured and cannot seek a remedy under the
teacher tenure act. MCL 38.101; MSA 15.2001;
MCL 38.121; MSA 15.2021. Therefore, Wingeier's
claim is not exempted by article 13(G)(2) because
there is not "another remedial procedure or forum

established by law" under which Wingeier may seek her remedy.

Plaintiff's reliance on *Lanting v Jenison Public Schools,* 103 Mich App 165; 302 NW2d 631 (1981), is misplaced. In *Lanting,* the only possible provision under which the arbitration could have been filed was one that stated that no teacher shall be disciplined without just cause. However, the teacher in *Lanting* had been dismissed and was not merely disciplined. Further, the provision came under the heading of "Teacher Evaluation and Progress." This Court held that only if the clause was taken completely out of context could it apply to a discharge. *Id.,* p 174. In the instant case, defendant contends not only that Wingeier's dismissal violated a clause that no teacher shall be disciplined without just case (under a heading of "Dismissals"), but also that the association did not approve an appointment to the faculty tenure advisory committee in violation of article 10(A)(1) (b)(3) and that Wingeier was not given sufficient notice under article 11(C)(3).

Accordingly, we find that Wingeier was not exempted from seeking to arbitrate her claim pursuant to article 13 of the collective bargaining agreement because her claim is not within the purview of the teacher tenure act. There is no express provision in the collective bargaining agreement excluding a nonprobationary dismissal grievance from arbitration, nor is there forceful evidence of a purpose to exclude the issue of a probationary teacher's dismissal. *Kaleva, supra,* p 592. Defendant's claim that the dismissal violated articles 10(A)(1)(b)(3), 10(B)(2), and 11(C)(3) is on its face governed by the contract. This is especially so because any doubts about the arbitrability of an issue should be resolved in favor of arbitration. *Huntington Woods v Ajax Paving Industries, Inc*

*(After Remand),* 196 Mich App 71, 75; 492 NW2d 463 (1992). Whether defendant is correct that the dismissal violated these provisions is for the arbitrator to determine. *Kaleva, supra,* p 591.

The trial court's order granting plaintiff summary disposition and enjoining arbitration is vacated. Defendant may submit its claim to arbitration. We retain no further jurisdiction.

FITZGERALD, J., concurred.

P. J. CONLIN, J. *(dissenting).* I respectfully dissent. Nonrenewal of probationary teachers is subject to the procedures specified in the teacher tenure act, MCL 38.71 *et seq.;* MSA 15.1971 *et seq.* Although the act does not provide for a hearing at the school board level or for review of a board's decision that a probationary teacher's contract would not be renewed, article 10(A)(1) of the collective bargaining agreement established a faculty tenure advisory committee to review a probationary teacher's performance. Article 10(A)(1)(c) unequivocally dictates that the superintendent's approval of the committee's recommendation is subject only to the review and final action of the board of education. In construing these provisions, I would find that the agreement contained forceful evidence of a purpose to exclude the issue of nonrenewal of probationary teachers from arbitration. *Kaleva-Norman-Dickson School Dist No 6 v Kaleva-Norman-Dickson School Teachers' Ass'n,* 393 Mich 583, 592; 227 NW2d 500 (1975); *Lanting v Jenison Public Schools,* 103 Mich App 165, 175; 302 NW2d 631 (1981). Accordingly, I would hold that an arbitrator does not have the authority under article 13(G)(2) of the bargaining agreement to rule on Wingeier's claims.

I also note that defendant alleges that Wingeier

was unjustifiably discharged because article 10(B)
(2) provides that no teacher shall be disciplined
without just cause. However, defendant's reliance
on this provision is misplaced because Wingeier
was not "disciplined, reprimanded, reduced in
rank or compensation"; thus, the just-cause provi-
sion was not invoked. Notably, the preceding pro-
vision, article 10(B)(1), provides that all dismissals
shall be handled in accordance with the teacher
tenure act. Defendant also alleged that article
11(C)(3) was violated in that Wingeier was pro-
vided only a one-week notice regarding her perfor-
mance. This provision does not refer to a period in
which the principal must provide suggestions for
improvement. Because there is no allegation that
Wingeier did not receive suggestions, the claim did
not fall under article 11(C)(3). Defendant, there-
fore, has not made any claim that on its face is
governed by the contract.

Accordingly, I would find that Wingeier's griev-
ance was not subject to arbitration under the
terms of the collective bargaining agreement and,
therefore, that the trial court's decision to enjoin
the arbitration was not erroneous.