WAITS v ANN ARBOR PUBLIC SCHOOLS

Docket No. 186267. Submitted November 20, 1996, at Lansing. Decided
January 21, 1997, at 9:20 A.M Leave to appeal sought.

Rebecca L. Waits brought an action in the Washtenaw Circuit Court
against Ann Arbor Public Schools, alleging that the defendant's
refusal to hire her as a regular, full-time teacher for the 1993-94
school year violated her rights under the teacher tenure act or the
Revised School Code and seeking damages and injunctive relief.
The plaintiff had taught a class for the entire 1992-93 school year.
The plaintiff claimed that she served as a full-time teacher; the
defendant claimed that the plaintiff was a substitute teacher. Dur-
ing the 1992-93 school year, the plaintiff signed an interim replace-
ment agreement that provided that the plaintiff, as an interim
replacement, was hired "only in order to fill a temporary need,"
would "have no expectancy of continued employment," and "specif-
ically resigns from any and all employment with the [school board]
effective as of the termination date of the agreement." The plaintiff
was not notified in writing more than sixty days before the end of
the 1992-93 school year that her services would be discontinued.
The court, Donald E. Shelton, J., granted summary disposition for
the plaintiff, finding that the plaintiff was a teacher within the
meaning of the teacher tenure act, that the interim replacement
agreement violated the provisions of the teacher tenure act, and
that the agreement violated public policy. The defendant appealed.

The Court of Appeals held:

1. The defendant's argument that the plaintiff was not a teacher
within the meaning of article I, § 1 of the teacher tenure act, MCL
38.71; MSA 15.1971, because she was not hired by the school board,
is without merit. The interim replacement agreement, which was
drafted by the defendant, clearly provides that the plaintiff was
being hired by the school board. Further, allowing school districts
to avoid the provisions of the teacher tenure act by having adminis-
trative personnel execute teacher contracts without formally sub-
mitting the contracts to the school board would thwart the opera-
tion and intent of the teacher tenure act.

2. The trial court properly concluded that the interim replace-
ment agreement violated the provisions of article X, § 2 of the

teacher tenure act, MCL 38.172; MSA 15.2054, which provides that a teacher may not waive any right under the tenure act by a contract or agreement with a controlling board and that any such contract or agreement that purports to waive such rights is invalid and of no effect. That the court also held that the agreement was contrary to public policy is of no import, because the result is the same whether the agreement violated the statute or violated public policy.

3. The trial court properly found that the plaintiff was entitled to be employed for the 1995-96 school year pursuant to article I, § 3 of teacher tenure act, MCL 38.83; MSA 15.1983. Accordingly, it is unnecessary to address whether she was also entitled to employment pursuant to § 1236 of the Revised School Code, MCL 380.1236; MSA 15.41236.

Affirmed.

*Thomas F. Wieder*, for the plaintiff.

*Thrun, Maatsch and Norberg, P.C.* (by *Michael A. Eschelbach* and *Timothy R. Winship*), for the defendant.

Before: McDonald, P.J., and Murphy and J. D. Payant*, JJ.

Per Curiam. Defendant appeals as of right from the trial court's grant of summary disposition for plaintiff on her claim defendant violated the teacher tenure act, MCL 38.71 *et seq.*; MSA 15.1971 *et seq.*, or, alternatively, violated the Revised School Code, MCL 380.1 *et seq.*; MSA 15.4001 *et seq.* We affirm.

The pertinent facts are not in dispute. Defendant employed plaintiff in a variety of positions between September 1, 1986, and June 30, 1994. During the 1992-93 school year defendant employed plaintiff to teach a third grade class. Plaintiff claims she served as a full-time teacher, while defendant claims she

---

* Circuit judge, sitting on the Court of Appeals by assignment.

served as merely a substitute teacher. Nonetheless, the parties agree plaintiff taught the class for the entire 1992-93 school year. During the school year plaintiff was presented with an interim replacement agreement and advised that if she did not sign it, she would be terminated. The agreement refers to plaintiff as "Interim Replacement Employee" and sets forth that a teacher has taken a leave of absence and that "[i]t is necessary for the Board [of Education of the Ann Arbor Public Schools] to hire Interim Replacement Employee . . . only in order to fill the temporary need" created by the leave of absence. The agreement further states plaintiff "shall have no expectancy of continued employment," that she "has been hired only to fill the temporary opening," and that she "specifically resigns from any and all employment with the Board effective as of the termination date of the Agreement." Plaintiff's performance was evaluated at least three times during the school year. The evaluations indicated plaintiff's probationary status and satisfactory performance. Although plaintiff sought employment with defendant for the 1993-94 school year, defendant permitted her to work only as a daily substitute. She has continued to apply, without success, for all open teaching positions with defendant.

Article I, § 1 of the teacher tenure act, MCL 38.71; MSA 15.1971, defines the term "teacher" to mean "a certificated individual employed for a full school year by any board of education or controlling board." Article II, § 3 of the act, MCL 38.83; MSA 15.1983, provides that "[a]ny probationary teacher or teacher not on continuing contract shall be employed for the ensuing year unless notified in writing at least 60 days

before the close of the school year that his services will be discontinued."

Defendant raises no argument with respect to plaintiff's certification, does not contest she taught school for the entire 1992-93 school year, and does not claim it provided plaintiff with written notice at least sixty days before the close of the school year that her employment would be discontinued. Instead, defendant's only argument is that plaintiff is not a teacher within the definition of article I, § 1 because, defendant contends, she was not employed or hired by the board. We find no merit to defendant's argument. The interim replacement agreement, drafted by defendant and thus construed against it, *Pritts v J I Case Co*, 108 Mich App 22; 310 NW2d 261 (1981), expressly states defendant's board hired plaintiff. The agreement states in pertinent part:

> THIS AGREEMENT . . . *on behalf of the Board of Education* of Ann Arbor Public Schools, Ann Arbor, Michigan, hereinafter referred to as "Board," and Rebecca Waits, hereinafter referred to as "Interim Replacement Employee."
>
> *      *      *
>
> B. It is necessary for the *Board to hire Interim Replacement Employee* . . . .
>
> *      *      *
>
> 1. . . . *Interim Replacement Employee has been hired* . . . . Interim Replacement Employee hereby waives any right Interim Replacement Employee may now have or be entitled to in the future to have the first opportunity to accept or reject *other* employment [i.e., other than her current employment] or *employment contracts with the Board* [i.e., other than this current employment contract with the Board]. [Emphasis added.]

Moreover we agree with the trial court's finding that to interpret the statutory language "employed . . . by the school board" as requiring formal submission of all teacher contracts to the school board would allow school districts to entirely thwart the operation and intent of the tenure act simply by having administrative personnel execute teacher contracts without formally submitting them to the school board. Where a literal construction of statutory language would produce an absurd result clearly inconsistent with the purpose of the statute, a court may depart from a literal construction. *Rowell v Security Steel Processing Co*, 445 Mich 347; 518 NW2d 409 (1994). See also *Blurton v Bloomfield Hills Bd of Ed*, 60 Mich App 741; 231 NW2d 535 (1975), where a panel of this Court rejected a strict interpretation of the phrase "a full school year" contained in the tenure act because such an interpretation would frustrate the purpose behind the act.

Defendant next claims the court erred in concluding the interim replacement agreement violates public policy because once a violation of a statute is found, no public policy violation can occur, and because the agreement allowed plaintiff to remain gainfully employed, ensured continuity in the classroom, and permitted defendant to more easily staff its buildings.

After rejecting defendant's technical argument that plaintiff is not a teacher because she was not hired by the school board, the court also rejected defendant's contention that any rights plaintiff had under the teacher tenure act were waived as a result of the interim replacement agreement. Defendant cited those portions of the agreement that state plaintiff "shall have no expectancy of continued employment,"

that she "has been hired only to fill the temporary opening," and that she "specifically resigns from any and all employment with the Board effective as of the termination date of the Agreement." The court regarded these agreement provisions as being without effect because article X, § 2 of the tenure act, MCL 38.172; MSA 15.2054, expressly provides: "No teacher may waive any rights and privileges under this act in any contract or agreement made with a controlling board. Article X, § 2 also provides that sections of a contract or agreement by which teachers purportedly waive rights and privileges "shall be invalid and of no effect."

On appeal, defendant targets as improper the court's choice of words when it stated "to the extent that the 'Interim Replacement Agreement' attempts to circumvent these statutes [the teacher tenure act and the Revised School Code] and their legislative intent, the 'agreement' violates the public policy of this State and is void." Defendant argues, because the court found the agreement violated specific statutes, the court erred in concluding the agreement was void as being in violation of public policy. However, defendant's argument amounts to a distinction without a difference. Whether the agreement provisions, under which plaintiff purportedly waived her rights under the tenure act, are without effect because they are contrary to a specific statute or because they are contrary to public policy does not change the fact that they are, either way, without effect.

Defendant does not contest the validity or the application of MCL 38.172; MSA 15.2054 to this case. Accordingly, by the express language of that statute, the provisions in the agreement do not curtail plain-

tiff's rights under the teacher tenure act, specifically the right to "be employed for the ensuing year." MCL 38.83; MSA 15.1983. The trial court did not err in so finding.

Because the trial court properly awarded plaintiff employment pursuant to article II, § 3 of the teacher tenure act, we need not address plaintiff's rights under § 1236 of the Revised School Code, MCL 380.1236; MSA 15.41236, which would entitle plaintiff to only "the first opportunity to accept" further employment.

Affirmed. Costs to plaintiff.